945 F.2d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
esley PURKEY, Petitioner-Appellant,
v.
Fred MAASS, Superintendent Oregon State Penitentiary, and
Robert T. Stephan, Attorney General for the State
of Kansas, Respondents-Appellees.
 No. 90-35742.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 11, 1991.
Decided Sept. 30, 1991.
 
 Before ALARCON, FERGUSON and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Wesley Purkey appeals from the denial of his petition for habeas corpus relief without an evidentiary hearing. Purkey seeks reversal on two grounds:
 
 
 3
 One. The state trial judge deprived him of his right to due process by failing to inform him of his right to confrontation prior to accepting his plea of guilty.
 
 
 4
 Two. He was entitled to an evidentiary hearing in the district court because he alleged sufficient facts in his petition to show that he was deprived of his right to due process because (1) his guilty plea was induced by promises by law enforcement officials that an off-the-record agreement had been reached that he would receive minimum sentences in exchange for his guilty plea, (2) his attorney coached him to provide false answers to the court's questions to cover up the involuntariness of his decision to waive his rights and plead guilty, (3) he was prejudiced by his attorney's incompetent representation. We discuss each issue and the facts pertinent thereto under separate headings.
 
 
 5
 * DISCUSSION
 
 
 6
 A. Necessity For An Express Admonition of the Right to Confrontation
 
 
 7
 Purkey argues that the failure of a state trial judge expressly to advise a defendant of his right to confrontation and to obtain an informed waiver thereof before accepting a guilty plea is a violation of due process under Boykin v. Alabama, 395 U.S. 238 (1969) and McCarthy v. United States, 394 U.S. 459 (1969). We review de novo the denial of a state prisoner's petition for habeas corpus relief. Grooms v. Keeney, 826 F.2d 883, 885 (9th Cir.1987).
 
 
 8
 Purkey entered pleas of guilty to charges of kidnapping, robbery, and aggravated robbery in the District Court of Sedwich County, Kansas. He was sentenced to the maximum terms for each offense. As part of the plea agreement, Kansas agreed to place Purkey in a prison outside the state. He is currently in the custody of the Superintendent of the Oregon State Penitentiary.
 
 
 9
 The record shows that the state trial judge conducted a hearing prior to accepting Purkey's pleas of guilty. During that proceeding, the district court questioned Purkey in order to determine whether he understood the consequences of entering a guilty plea. In so doing, the state trial judge did not use the words "right to confrontation."
 
 
 10
 After informing Purkey of the charges against him, the Kansas state trial judge engaged Purkey in the following colloquy:
 
 
 11
 THE COURT: Do you understand that a plea of guilty in all these cases and all these counts admits the acts charged in all counts and all cases?
 
 
 12
 A: Yes, sir.
 
 
 13
 THE COURT: Do you further understand you're entitled to a trial by jury? We have jurors downstairs in the jury pool room to come up here, be voir dired and sit as a jury of twelve right behind you there, and that it's up to Mr. Skinner to present evidence and subpoena witnesses on--put them on the witness stand; and you have the right to present evidence and subpoena witnesses in your own behalf and to testify if you like, and don't have to, but you can; and that before a jury can find you guilty they must be satisfied beyond a reasonable doubt of your guilt. You understand that?
 
 
 14
 A: I understand that.
 
 
 15
 THE COURT: You've been asked that in every case probably numerous times, but I want to put it part of this plea because it's a constitutional right to a jury that you have. And by entering these pleas of guilty you give up your right to trial by jury; you understand that?
 
 
 16
 A: I understand that, judge.
 
 
 17
 THE COURT: Do you voluntarily waive jury in all counts in all the cases we've related here this morning?
 
 
 18
 A: I do.
 
 
 19
 In Wilkins v. Erickson, 505 F.2d 761 (9th Cir.1974), a state prisoner also challenged his conviction on the ground that
 
 
 20
 "his plea of guilty was not voluntarily and understandably given because he had not been specifically advised that by pleading guilty, he waived his right to trial by jury, his privilege against incrimination, and his right to confront his accusers (hereinafter Boykin rights)."
 
 
 21
 Id. at 762.
 
 
 22
 The transcript of the plea proceedings in state court shows that the trial court questioned petitioner at length about the right he was waiving by his plea of guilty. It is true that the right to confront one's accusers was not referred to in so many words. But petitioner acknowledged, inter alia, that he knew he was entitled to a trial by jury, to have a jury of twelve "right behind you there," and to have the prosecutor "present evidence and subpoena witnesses on--put them on the witness stand." The district court properly found no merit in petitioner's implicit suggestion that he did not understand, from this questioning, that he would be present at a trial, with the jury "right behind [him]," and therefore necessarily would be confronted with the witnesses against him.
 
 
 23
 B. The Effect of Off-the-Record Promises by Law Enforcement Officials
 
 
 24
 In his pro se petition for a writ of habeas corpus, Purkey alleged that he was induced to provide assistance to the United States Attorney, the Federal Bureau of Investigation, Alcohol, Tobacco and Firearms, and other law-enforcement officers in exchange for their promises that he would receive minimum sentences on each count charged against him. He also alleged that his attorney coached him not to reveal this agreement at the plea hearing. Purkey further alleged that the promises of leniency were not kept.
 
 
 25
 The foregoing facts do not appear in the record of the state court proceedings. Thus, the state court did not have an opportunity to determine whether these allegations are true. The district court denied habeas corpus relief in this matter without an evidentiary hearing.
 
 
 26
 Purkey contends that he is entitled to an evidentiary hearing on his allegations that his plea was induced by promises of leniency by law enforcement officers because the state courts have not ruled on the merits of this claim or made findings regarding the relevant facts. We agree. "A federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts." Townsend v. Sain, 372 U.S. 293, 312-313 (1963).
 
 
 27
 A habeas petitioner is entitled to an evidentiary hearing when he alleges off-the-record facts demonstrating a federal constitutional violation which contradict evidence produced at a plea proceeding. See United States v. Espinosa, 865 F.2d 1067, 1069 (9th Cir.1988) ("this court has held on several occasions that when a prisoner's allegations of a coerced plea are based on alleged occurrences entirely outside the record, an evidentiary hearing is required"). See also Mayes v. Pickett, 537 F.2d 1080, 1082-1083, (9th Cir.1976) (evidentiary hearing required where federal prisoner claimed that his attorney told him in an off-the-record conference that he would receive leniency).
 
 
 28
 The State argues that this rule is inapplicable when the plea hearing is sufficient to disprove the petitioner's claims. It cites Shah v. United States, 878 F.2d 1156 (9th Cir.), cert. denied --- U.S. ---- 110 S.Ct. 195 (1989) and Watts v. United States, 841 F.2d 275 (9th Cir.1988), in support of its argument. These cases are inapposite. Each involves situations in which the record, outside of the plea hearing, refuted the allegations in the habeas petition.
 
 
 29
 In Shah, "the district judge based his decision on a record which included transcripts of the plea and sentencing hearing, the judge's own recollections of the proceedings, Shah's Rule 35 motion, and a letter Shah wrote to the judge." Shah, 878 F.2d at 1160. In Watts, the district court considered not only the plea and sentencing hearings, but also Watts' Rule 35 motion, and several letters from Watts' to the judge, in determining that an evidentiary hearing was unnecessary. Watts, 641 F.2d 277-278.
 
 
 30
 In this case, unlike Shah and Watts, the district court relied solely on the record of the plea and sentencing hearing in making its determination.
 
 
 31
 Purkey is entitled to an evidentiary hearing to attempt to prove his allegations that his pleas of guilty were induced by false promises and that his attorney coached him to lie in open court so as not to reveal the extra-judicial arrangement. The district court erred in denying this claim.
 
 C. Competency of Counsel
 
 32
 Purkey asserts that his trial counsel was ineffective. To justify an evidentiary hearing Purkey must assert facts which, if true, show that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made, and petitioner must also demonstrate prejudice." Butcher v. Marquez, 758 F.2d 375-76 (9th Cir.1985) (citing Strickland v. Washington, 466 U.S. 668 (1984)).
 
 
 33
 The only claim of ineffectiveness set forth in Purkey's opening brief on appeal concerns his claim that after conferring with law-enforcement officials, his attorney coached him not to disclose the secret sentence bargain because the negotiations were not to be revealed in open court. We are persuaded that a diligent and conscientious advocate would not guarantee a minimum sentence based on secret negotiations not communicated to the court, nor would a reasonably competent attorney counsel his client to lie in response to the court's questions concerning the existence of any undisclosed promise of leniency. These allegations also demonstrate prejudice. Purkey alleges that, but for the official promise of leniency, he would not have entered guilty pleas. The district court should have granted an evidentiary hearing on the claim that trial counsel ineffectively assisted Purkey regarding the plea proceedings.
 
 
 34
 Purkey's other allegations of ineffectiveness of counsel relate to the inadequacy of counsel's investigation and preparation. Purkey also alleged that counsel should have interposed an objection to an alleged confession. Purkey argues his guilty plea was based on his knowledge that this confession might be used against him if the matter went to trial. Purkey alleged further that his attorney failed to object to an improper and suggestive line-up. No evidentiary hearing was held to determine the truth of these allegations or whether counsel's alleged nonfeasance was prejudicial.
 
 
 35
 The present record is insufficient to review these claims of ineffectiveness. Because this matter must be remanded for an evidentiary hearing, the district court will have an opportunity to determine the merits of these additional claims of ineffectiveness in the first instance.
 
 
 36
 The order denying habeas corpus relief on the claim of a due process violation resulting from the failure expressly to admonish Purkey concerning the right to confrontation is affirmed. The denial of habeas corpus relief without an evidentiary hearing regarding the allegations of involuntariness of the pleas of guilty and effectiveness of counsel is reversed. The matter is remanded for an evidentiary hearing regarding any off-the-record plea agreement and defense counsel's alleged ineffectiveness. The district court is directed to permit Purkey to present evidence regarding each of his claims of ineffectiveness of counsel.
 
 
 37
 AFFIRMED in part. REVERSED in part with instructions.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3