992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Raymond KEITH, Defendant-Appellant.
 No. 88-5915.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 5, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Raymond Keith appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. He contends that the district court erred by denying his section 2255 motion and deciding the motion without an evidentiary hearing. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 We review de novo the district court's denial of a 28 U.S.C. § 2255 motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). We review the district court's decision to deny an evidentiary hearing for an abuse of discretion. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991).
 
 
 4
 A district court may dismiss a habeas petition for an abuse of the writ when a petitioner raises a claim in a subsequent petition that could have been raised in the first petition, "regardless of whether the failure to raise it earlier stemmed from a deliberate choice." McCleskey v. Zant, 111 S.Ct. 1454, 1468 (1991). Failure to raise the claim in a previous petition will be excused upon a showing of cause and prejudice or if a fundamental miscarriage of justice would result from a failure to entertain the claim. Id. at 1470. Cause exists when an "external impediment" prevents the petitioner from raising the claim. Id. at 1472. "Omission of the claim will not be excused merely because evidence discovered later might also have supported or strengthened the claim." Id.
 
 
 5
 In deciding a section 2255 motion, a district court is required to give a claim "careful consideration and plenary processing, including full opportunity for presentation of the relevant facts." Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.) (quotation omitted), cert. denied, 493 U.S. 869 (1989); see also 28 U.S.C. § 2255. A district court has the discretion to forego an evidentiary hearing and rely instead on the record, which may be supplemented by the following: discovery and documentary evidence, the judge's own notes and recollection of the trial, and common sense. Id.
 
 
 6
 Here, Keith pleaded guilty to three counts of tax evasion, two counts of false statements to federally insured banks, and one count of false statement in bankruptcy. He was sentenced to four years imprisonment and fined $45,000. Keith filed a section 2255 motion arguing that he was denied an opportunity to review his presentence report and the district court relied on inaccurate information in imposing sentence. On appeal, we affirmed the district court's denial of his motion. In his present section 2255 motion, Keith contends that (1) the government committed a Brady violation by withholding favorable evidence, (2) there was an insufficient factual basis for his plea, (3) the prosecutors had a conflict of interest, and (4) he was denied effective assistance of counsel.
 
 
 7
 Keith has failed to show cause for his failure to bring these claims in his previous section 2255 motion. See McCleskey, 111 S.Ct. at 1472-74. The information necessary to support these claims was either known to Keith or discoverable when he filed his previous motion. In addition, Keith has failed to show that failure to entertain these claims would result in a miscarriage of justice. See id. at 1474-75. The district court had sufficient information before it to determine the claims presented by Keith in his section 2255 motion. See Shah, 878 F.2d at 565. The district court was not required to conduct an evidentiary hearing on the motion. See id.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny appellant's motion for an extension of time to file a reply brief