992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Flavio Alejandro ESCOBAR-VELEZ, Defendant-Appellant.
 No. 92-56124.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 5, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Flavio Alejandro Escobar-Velez appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Escobar contends that (1) his guilty plea was not knowingly and voluntarily made, (2) he was denied effective assistance of counsel, and (3) the district court erred by deciding his section 2255 motion without an evidentiary hearing.[1]
 
 
 4
 We review de novo the district court's denial of a 28 U.S.C. § 2255 motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). We review the district court's decision to deny an evidentiary hearing for an abuse of discretion. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991).
 
 GUILTY PLEA
 
 5
 A defendant challenging a guilty plea based on the ineffective assistance of counsel must demonstrate "both that his counsel's performance was deficient and that the deficient performance prejudiced his defense." United States v. Signori, 844 F.2d 635, 638 (9th Cir.1988). Deficient performance is representation outside the range of competence demanded of attorneys in criminal cases, and prejudice means that, but for counsel's errors, the defendant would not have pleaded guilty. Iaea v. Sunn, 800 F.2d 861, 864-65 (9th Cir.1986). A guilty plea is an admission of the allegations, and a criminal defendant cannot collaterally attack the factual basis of a voluntary and intelligent guilty plea. United States v. Mathews, 833 F.2d 161, 165 (9th Cir.1987).
 
 
 6
 Here, Escobar pleaded guilty to one count of a three-count indictment, and the government moved to dismiss the other two counts. At the Rule 11 hearing, the district court conducted a thorough colloquy with Escobar. Specifically, the district court advised Escobar of the rights he would be waiving by pleading guilty and the maximum penalty he could receive as a result of his guilty plea. Escobar stated that he understood the rights he was waiving and the defenses available to him, and was satisfied with the performance of his counsel.
 
 
 7
 Escobar failed to allege facts showing that his counsel's advice was deficient or that he was prejudiced by his counsel's conduct. Therefore, the district court properly determined that Escobar's plea was knowing and voluntary. See Signori, 844 F.2d at 638.
 
 EVIDENTIARY HEARING
 
 8
 In deciding a section 2255 motion, a district court is required to give a claim "careful consideration and plenary processing, including full opportunity for presentation of the relevant facts." Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.) (quotation omitted), cert. denied, 493 F.2d 869 (1989); see also 28 U.S.C. § 2255. A district court has the discretion to forego an evidentiary hearing and rely instead on the record, which may be supplemented by the following: discovery and documentary evidence, the judge's own notes and recollection of the trial, and common sense. Id.
 
 
 9
 Here, the district court had an extensive record before it including transcripts from the Rule 11 and sentencing hearings. In addition, the same judge took Escobar's guilty plea, sentenced him, and decided the section 2255 motion.
 
 
 10
 The district court had sufficient information before it to decide the issues raised by Escobar in his section 2255 motion. See Shah, 878 F.2d at 1159. Therefore, the district court was not required to conduct an evidentiary hearing on the motion. See id. Accordingly, we affirm the decision of the district court.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Escobar also contends that his sentence was improperly based on factual errors in his presentence report and that the district court erred by failing to credit Escobar with acceptance of responsibility. We rejected these arguments on direct appeal. See United States v. Escobar, No. 89-50574, unpublished memorandum disposition (9th Cir. Oct. 22, 1990). We therefore refuse to review the merits of these claims. See Polizzi v. United States, 550 F.2d 1133, 1135 (9th Cir.1976)