45 F.3d 435
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Chris CHRISTOFF, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-15933.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 28, 1994.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chris Christoff appeals pro se the denial of his 28 U.S.C. Sec. 2255 motion to modify or vacate his conviction and sentence imposed following a guilty plea to engaging in a continuing criminal enterprise, in violation of 21 U.S.C. Sec. 848. Christoff contends that the district court erred by: (1) failing to comply with Fed.R.Crim.P. 11(c)(1) at the change of plea hearing, (2) finding that Christoff received effective assistance of counsel at the time of plea, (3) failing to hold an evidentiary hearing, and (4) failing to allow Christoff to expand the record. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo the denial of a 28 U.S.C. Sec. 2255 motion, and for clear error any underlying factual findings, United States v. Roberts 5 F.3d 365, 368 (9th Cir.1993), and we affirm.
 
 
 3
 * Rule 11 Compliance
 
 
 4
 Christoff claims that the district court violated Fed.R.Crim.P. 11(c)(1) by failing to inform him when he pleaded guilty of the nature of his crime and of the minimum potential sentence. We disagree.
 
 
 5
 Rule 11(c)(1) requires that the district court, before accepting a guilty plea, inform the defendant of the charges and the minimum and maximum statutory penalties, and demonstrate on the record that the defendant understands. United States v. Bruce, 976 F.2d 552, 559 (9th Cir.1992). In a 28 U.S.C. Sec. 2255 proceeding, the movant must show that a Rule 11 violation amounted to constitutional or jurisdictional error, or a complete miscarriage of justice, and must establish prejudice by showing that he was unaware of the consequences of his plea and would not have pleaded guilty if properly advised. United States v. Timmreck, 441 U.S. 780, 783-85 (1979); United States v. Grewal, 825 F.2d 220, 222 (9th Cir.1987).
 
 
 6
 During the change of plea hearing, Christoff admitted that he supervised seven individuals who distributed and sold drugs over a one-year period, he knew that their actions were illegal, and he derived substantial income from their continuing activities. Christoff's admissions constitute the crime of engaging in a continuing criminal enterprise. See 21 U.S.C. Sec. 848. Although the district court's Rule 11 colloquy was limited, the court adequately informed Christoff of the nature of the charges and ensured that he understood. Thus, the district court did not violate Rule 11. Cf. Bruce, 976 F.2d at 559.
 
 
 7
 Even if we could agree that the Rule 11 colloquy was defective, we reject Christoff's claim that he did not understand the facts or elements of his plea. Although Christoff claims in his section 2255 motion that he did not manage or supervise anyone, the district court properly relied on Christoff's sworn statements made during his plea hearing, rather than crediting the meager allegations in the section 2255 motion. See United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir.) (declarations in open court entitled to a presumption of verity), cert. denied, 484 U.S. 832 (1987). Furthermore, Christoff stated at the plea hearing that he had read and understood the plea agreement, which set forth in detail the facts and elements of his crime. Christoff does not deny that he read and understood the agreement; he alleges instead that his attorney and the district court did not inform him adequately. Christoff has failed to establish constitutional error by showing that his plea is invalid, or prejudice by demonstrating his ignorance of the relevant facts or elements of the crime. See Timmreck, 441 U.S. at 783-85; Grewal, 825 F.2d at 222.
 
 
 8
 Lastly, because Christoff stated at his plea hearing that he understood that "the statute provides for a sentence of from twenty years up to life," the district court complied with Fed.R.Crim.P. 11(c)(1) by informing Christoff of the minimum sentence.[1]
 
 II
 Counsel's Advice During Guilty Plea
 
 9
 Christoff claims that his guilty plea was invalid based upon his counsel's erroneous advice that he would receive a sentence of between fifteen and seventeen years. He received a sentence of twenty and one-half years. We disagree with his claim.
 
 
 10
 Whether a defendant received ineffective assistance of counsel is a mixed question of law and fact reviewed de novo. United States v. Blaylock, 20 F.3d 1458, 1464-65 (9th Cir.1994). To succeed on a claim that a guilty plea is involuntary based upon ineffective assistance of counsel, the defendant must show that there is "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989).
 
 
 11
 Because Christoff understood when he pleaded guilty that the maximum sentence he could receive under the plea agreement was twenty-one years, Christoff has not established prejudice resulting from any erroneous advice that his counsel rendered. See Hill, 474 U.S. at 59; Shah, 878 F.2d at 1158; Rubalcaba, 811 F.2d at 494.
 
 III
 Remaining Claims
 
 12
 Christoff filed a motion to expand the record with affidavits that Christoff claims proves that he was factually innocent of his crime. By pleading guilty, however, Christoff admitted all material facts alleged in the information. See United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987). Christoff also attempted to expand the record with his own affidavit that reiterated statements made in his section 2255 motion. Because the affidavits were either irrelevant or cumulative, the district court did not abuse its discretion by refusing to expand the record. See Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988). Finally, because the documentary record conclusively shows that Christoff is not entitled to relief, and he does not allege any facts outside of the record that, if true, would entitle him to relief, the district court acted within its discretion by refusing to hold an evidentiary hearing. Id.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we find no Rule 11 violation, Christoff's claims that his counsel was ineffective for failing to challenge his plea based upon a Rule 11 violation are without merit. See United States v. Shah, 878 F.2d 1156, 1162 (9th Cir.) (failure to raise meritless legal argument does not constitute ineffective assistance of counsel), cert. denied, 493 U.S. 869 (1989). Similarly, Christoff's claim that the district court lacked jurisdiction based upon a violation of Rule 11 is unfounded