Ramee Jamal SHAH, aka: Eddie Harris, Jr., Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 87–6382.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 1989.

Decided June 26, 1989.

Phillip I. Bronson, Sherman Oaks, Cal., for petitioner-appellant.

Thomas A. Hagemann, Asst. U.S. Atty., Los Angeles, Cal., for respondent-appellee.

Before WALLACE, FARRIS and BEEZER, Circuit Judges.

WALLACE, Circuit Judge:

Shah, a federal prisoner, appeals from the denial of his 28 U.S.C. § 2255 motion to vacate his sentence. Shah's principal contention is that the district court erred by failing to grant an evidentiary hearing on his ineffective assistance of counsel claims. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. §§ 1291, 2253. We affirm in part, and reverse and remand in part.

I

On May 5, 1986, Shah pleaded guilty in the district court to conspiracy to distribute and to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841, 846. On July 1, 1986, the court sentenced Shah to 12 years' imprisonment, and a $50.00 special assessment pursuant to 18 U.S.C. § 3013. On October 16, 1986, Shah filed a motion to modify his sentence pursuant to Fed.R.Crim.P. 35. After hearing argument on December 29, 1986, the court denied Shah's motion.

On May 19, 1987, Shah filed a motion to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255. Shah's motion raised five grounds, three of which were summarily dismissed by the court as frivolous. This action is not challenged on appeal. In the remaining claims, Shah alleged first that he received ineffective assistance of counsel which rendered his guilty plea unknowing and involuntary, and second that the court gave him no chance at sentencing

to contest the number of his previous felonies. The court ordered the government to respond to Shah's surviving claims. The government did so and the court entered an order denying the section 2255 motion. The district court subsequently denied Shah's Fed.R.Civ.P. Rule 59 motion to reconsider the order denying his section 2255 motion and this timely appeal followed.

On appeal, Shah renews his claims that ineffective assistance made his plea unknowing and involuntary and that he was deprived of the opportunity to contest the number of prior felonies. Shah also contends that the court improperly dismissed his section 2255 claim that the government did not provide adequate time for examination of the presentence report, and that the court failed to rule on his motion to strike an affidavit included in the government's response to his section 2255 motion. We review the denial of a section 2255 petition independently. *Walker v. United States,* 816 F.2d 1313, 1316 (9th Cir.1987).

## II

In challenging a guilty plea for ineffective assistance of counsel, a defendant must demonstrate "both that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *United States v. Signori,* 844 F.2d 635, 638 (9th Cir.1988) (*Signori*). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (*Hill*), *quoting North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). "A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." *Signori,* 844 F.2d at 638; *see Hill,* 474 U.S. at 56–57, 106 S.Ct. at 369–70, *citing McMann v. Rich-*

*ardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970) (*McMann*).

Ineffectiveness of counsel is a mixed question of fact and law reviewed independently. *Signori,* 844 F.2d at 638. We likewise review independently the determination of voluntariness. *Id.*

The court denied Shah's section 2255 motion without conducting an evidentiary hearing. Under section 2255, such a hearing must be granted "[u]nless the motion and the files and record of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The court here considered, and rejected, the need to hold an evidentiary hearing even though Shah's papers requesting a hearing did not reach the district judge until he had already ruled on his section 2255 motion.

Where a section 2255 motion is based on alleged occurrences outside the record, no hearing is required if the allegations, "viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.'" *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir. 1985) (*Marrow*), *quoting United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir. 1984), *cert. denied,* 470 U.S. 1058, 105 S.Ct. 1772, 84 L.Ed.2d 832 (1985); *see also Watts v. United States,* 841 F.2d 275, 277 (9th Cir.1988) (*Watts*); *Baumann v. United States,* 692 F.2d 565, 571 (9th Cir.1982) (*Baumann*).

Where section 2255 motions have been based on alleged occurrences outside the record, we have often held that an evidentiary hearing was required. *E.g., United States v. Burrows,* 872 F.2d 915, 917 (9th Cir.1989) (*Burrows*); *Marrow,* 772 F.2d at 527; *Mayes v. Pickett,* 537 F.2d 1080, 1083 (9th Cir.1976), *cert. denied,* 431 U.S. 924, 97 S.Ct. 2198, 53 L.Ed.2d 238 (1977). Indeed, an evidentiary hearing may be required in spite of "the barrier of the plea or sentencing procedure record [which], although imposing, is not invariably insurmountable." *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977) (*Allison*) (footnote omitted). Because Shah's present allegations about

his conversations with defense counsel contradict Shah's previous statements in court, his credibility must be assessed. We have recognized that where the issue of credibility can be " 'conclusively decided on the basis of documentary testimony and evidence in the record,' " no evidentiary hearing is required. *United States v. Espinoza*, 866 F.2d 1067, 1069 (9th Cir.1989) (*Espinoza*), *quoting Watts*, 841 F.2d at 277.

We have also held that rather than conduct a hearing, courts may use discovery or documentary evidence to expand the record. *Watts*, 841 F.2d at 277. The Section 2255 Rules, as well as case law, make clear the availability of this option. *See id.;* Section 2255 Rules, Rules 6–7; *Allison*, 431 U.S. at 81–83, 97 S.Ct. at 1632–34; *Farrow v. United States*, 580 F.2d 1339, 1352–53 (9th Cir.1978) (en banc) (*Farrow*). In addition, judges may use their own notes and recollections of the plea hearing and sentencing process to supplement the record. *Burrows*, 872 F.2d at 917; *Watts*, 841 F.2d at 277; *Abatino v. United States*, 750 F.2d 1442, 1444 (9th Cir.1985); *Farrow*, 580 F.2d at 1352. Judges may also use common sense. *Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962) (*Machibroda*).

Section 2255 requires only that the district court give a claim " 'careful consideration and plenary processing, including full opportunity for presentation of the relevant facts.' " *Watts*, 841 F.2d at 277, *quoting Allison*, 431 U.S. at 82–83, 97 S.Ct. at 1633–34. We entrust the choice of method to the court's discretion. *Id., citing Machibroda*, 368 U.S. at 495, 82 S.Ct. at 514.

Shah's ineffective assistance claim has three components. First, Shah alleges that his defense counsel told him that if he pleaded guilty, the court would not consider his prior criminal record. Second, he asserts that his defense counsel warned him that if he refused a plea bargain and went to trial, the jury would convict him based on his prior record alone and he would receive a harsher sentence. Third, he alleges that after pleading guilty but before receiving any sentence, he told counsel that because the judge was likely to impose a strict sentence he wanted to withdraw his plea. Shah states that defense counsel told him that he could not withdraw his plea.

### A.

■ We first consider Shah's claim that his defense counsel informed him that if he pleaded guilty, the court would not consider Shah's prior convictions in sentencing. The district court characterized this allegation as "patently frivolous and totally incredible."

Several parts of the record, in combination, demonstrate that Shah failed in his burden to prove ineffectiveness. First, at his Rule 11 plea hearing on May 5, 1986, Shah stated under oath that he understood that no promises had been made by the government except that the government would move to dismiss the remaining counts against him. Shah expressly stated that he did not believe that he had any other agreements with the government. Shah was told by the district judge that he would determine the sentence after considering a probation report which would include information about his background. The judge specifically told Shah that he would "have to look at [Shah's] record and make up [his] own mind." Furthermore, Shah stated that he was pleading guilty because and only because he was guilty, that he had had ample opportunity to consult with counsel, and that he was satisfied with his representation.

Second, at the July 1, 1986, sentencing hearing, the district judge firmly and repeatedly indicated to Shah that he had considered his past record and that this record merited a stiff sentence. When asked what he would like to tell the court, Shah said nothing about any alleged agreement that the court would ignore his lengthy criminal history in sentencing. Instead, Shah acknowledged his long criminal record, which he attributed to his narcotics addiction, and sought placement in a drug rehabilitation program.

Third, in October of 1986, Shah filed a Rule 35 motion to reduce his sentence. In support of this motion, Shah argued that

he had had a minor role in the crime to which he pleaded guilty, and again sought placement in a drug rehabilitation program. Once more, Shah made no mention of the alleged events that form the basis of his present claim.

Fourth, common sense suggests that it would be highly unusual for defense counsel to give a client the advice Shah asserts that he received. This is particularly true in light of the district court's own knowledge of defense counsel's competence and experience. Common sense also suggests that no one in Shah's position would have remained silent about the alleged "secret agreement" for so long. *See Watts,* 841 F.2d at 278; *cf. Machibroda,* 368 U.S. at 495, 82 S.Ct. at 514.

■ The district court did not err in failing to hold an evidentiary hearing. In *Watts,* we upheld a district court's decision not to hold a section 2255 evidentiary hearing in circumstances similar to these. 841 F.2d at 277–78. Fourteen months after sentencing, Watts alleged the existence of several promises outside the record which he argued rendered his plea unknowing and involuntary. *Id.* at 276. The district court denied the section 2255 motion without a hearing based on a record which included the transcript of the plea hearing, lawyers' affidavits, interrogatories of Watts and his wife, the judge's own recollections of the proceedings, Watts's Rule 35 motion, and letters Watts wrote to the sentencing judge. *Id.* In light of this record, we agreed with the district court that it was impossible to believe Watts's allegations. *Id.* at 278. It was unbelievable that Watts would remain silent for so long. *Id.*

Here, similarly, the district judge based his decision on a record which included transcripts of the plea and sentencing hearings, the judge's own recollections of the proceedings, Shah's Rule 35 motion, and a letter Shah wrote to the judge. In light of this record, the district court was adequately apprised of the relevant facts in order to conclude that it was impossible to believe Shah's claim that he did not know that the court would consider his prior record in

sentencing. This record permitted the court to give Shah's allegations " 'careful consideration and plenary processing.' " *Watts,* 841 F.2d at 277, *quoting Allison,* 431 U.S. at 82–83, 97 S.Ct. at 1633–34.

In *Espinoza,* as in *Watts* and the present case, the petitioner's claim of a secret agreement in exchange for his guilty plea contradicted his testimony under oath at his Rule 11 plea hearing that his plea was not the result of any promises or threats. *Espinoza,* 866 F.2d at 1069. In *Espinoza,* we recognized the principle elaborated in *Watts* that no evidentiary hearing is necessary when the issue of credibility can be " 'conclusively decided on the basis of documentary testimony and evidence in the record.' " *Id., quoting Watts,* 841 F.2d at 277. *Espinoza* held that the record before the court was not sufficiently developed to obviate an evidentiary hearing. *Id.* at 1070. Since *Espinoza* provides no description of this insufficient record, it cannot guide us as to what constitutes a "conclusive" record. *Espinoza* does instruct us that even where the record before the district court is insufficient, the court is not automatically required to conduct an evidentiary hearing. *Id.* at 1070. The court "may expand the record with other documentary evidence prior to determining the need for an evidentiary hearing." *Id., citing* Section 2255 Rules, Rule 7. Here, as in *Watts,* the court was able to evaluate Shah's claim on the basis of a conclusive record. The district court did not err in ruling on this claim without granting an evidentiary hearing.

### B.

■ Shah's second ineffective assistance claim rests on his assertion that defense counsel advised him that if he refused a plea bargain and went to trial, the jury would convict him based on his prior record alone and he would receive a harsher sentence. In denying the section 2255 motion, the court did not expressly identify its grounds for rejecting this claim and doing so without a hearing. As with Shah's first claim, the court's principal grounds appear to have been that this claim was raised so

belatedly and that it was palpably incredible or patently frivolous and so far outside the bounds of reason that it should be dismissed summarily.

Shah's claim is difficult to understand because he does not make clear what erroneous assumption this alleged advice caused him to make. It is unclear whether he understood this alleged advice to mean that because of his past record the jury would convict him on all counts—and thus furnish a basis for the judge to impose a harsher sentence—or that the jury itself would impose the harsh sentence with his prior felonies in mind. Nor does Shah detail more specifically what defense counsel actually said that led him to his allegedly misguided (and unspecified) belief. *See United States v. Edmo*, 456 F.2d 240, 241–42 (9th Cir.1971) (*Edmo*) (plea not set aside for ineffective assistance where defendant did not specify what his counsel said or did to cause defendant to enter plea); *see also Porcaro v. United States*, 832 F.2d 208, 212–13 (1st Cir.1987) (*Porcaro*). Shah's allegation as presented in his section 2255 motion was vague and conclusory. The court was not required to grant an evidentiary hearing in denying Shah's clearly inadequate allegation. *See Edmo*, 456 F.2d at 242; *Porcaro*, 832 F.2d at 212–13. Mere conclusory allegations do not warrant an evidentiary hearing. *Baumann*, 692 F.2d at 571; *Wagner v. United States*, 418 F.2d 618, 621 (9th Cir.1969).

Depending how Shah's allegation is interpreted, either it alleges advice well within the range of competence, or it is "palpably incredible." It would be legally accurate and well within the " 'range of competence demanded of attorneys in criminal cases,' " *Hill*, 474 U.S. at 56, 106 S.Ct. at 369, *quoting McMann*, 397 U.S. at 771, 90 S.Ct. at 1449, to advise Shah that at a trial his past record would be used to impeach his testimony in his own defense; thus, his record would seriously damage his credibility and the jury's view of him. Further, we find it palpably incredible or patently frivolous that any experienced attorney would warn his client of the sentence he might receive from the jury, since the jury does not determine sentences. *See Watts*, 841 F.2d at

277 (no evidentiary hearing required for palpably incredible or patently frivolous allegations). The district court therefore did not err in dismissing this claim.

### C.

■ Shah's third ineffective assistance claim is that defense counsel improperly advised him after his Rule 11 hearing, but before sentencing, that he could not withdraw his plea. Shah contended that he sought to withdraw his plea when he learned that defense counsel's advice about consideration of prior convictions was wrong. The district court denied this claim, finding it "patently incredible" that defense counsel would advise his client that he could not move to set aside his plea.

Even if Shah had filed a motion to withdraw his plea before he was sentenced, there would have been no basis for granting the motion. "It is well-established that a defendant has no right to withdraw his guilty plea. . . ." *Signori*, 844 F.2d at 637; *see also United States v. Rios–Ortiz*, 830 F.2d 1067, 1069 (9th Cir.1987) (*Rios–Ortiz*); *United States v. Read*, 778 F.2d 1437, 1440 (9th Cir.1985) (*Read*), *cert. denied*, 479 U.S. 835, 107 S.Ct. 131, 93 L.Ed.2d 75 (1986). Under Fed.R.Crim.P. 32(d), the defendant bears the burden of demonstrating a "fair and just" reason for the withdrawal. *Rios–Ortiz*, 830 F.2d at 1069; *Read*, 778 F.2d at 1440; *United States v. Navarro–Flores*, 628 F.2d 1178, 1183 (9th Cir. 1980). In *Rios–Ortiz*, we rejected the contention that, so long as there is no prejudice to the government, courts should permit presentence withdrawals of pleas merely because a defendant has changed his mind. 830 F.2d at 1069. Like the defendant in *Rios–Ortiz*, Shah "does not challenge the adequacy of his Rule 11 hearing nor does he allege newly discovered evidence, intervening circumstances, or any other reason for withdrawing his plea that did not exist when he pleaded guilty." *Id.*

As we understand Shah's petition, he claims to have had either of two grounds for withdrawing his plea. First, he learned of his attorney's ineffective assistance in

advising that prior convictions are not considered in plea bargain sentences, and second, when he realized this, he recognized the likelihood of receiving a longer sentence than expected. Neither ground constitutes fair and just cause. As discussed earlier, the district court could properly conclude that it was impossible to believe Shah's claim of surprise that his prior record could be considered in sentencing. *See supra,* section II.B. Nor do we believe that fear of receiving a harsh sentence, standing alone, constitutes a "fair and just" reason to withdraw a plea, even if counsel's initial advice as to length of plea turned out to be inaccurate. *See Little v. Allsbrook,* 731 F.2d 238, 241 (4th Cir.1984) ("An attorney's 'bad guess' as to sentencing does not justify plea withdrawal and is no reason to invalidate a plea."); *Worthen v. Meachum,* 842 F.2d 1179, 1184 (10th Cir.1988) (inaccurate prediction of sentence or parole does not render plea involuntary); *see also Iaea v. Sunn,* 800 F.2d 861, 865 (9th Cir.1986) (gross mischaracterization of likely outcome of trial and erroneous advice on possible effects of going to trial fall below level of competence required of defense attorneys). At his Rule 11 hearing, Shah stated that he understood the charges against him as well as the maximum sentence he might receive. Through Shah's own testimony the court elicited a factual basis for the plea. These "[s]olemn declarations in open court carry a strong presumption of verity." *Allison,* 431 U.S. at 74, 97 S.Ct. at 1629.

Moreover, if, as defense counsel claims in his affidavit, he merely advised Shah that he had no fair and just reason to withdraw his plea, that advice was legally accurate and well within the expected range of competence. *See Hill,* 474 U.S. at 56, 106 S.Ct. at 369. Even if defense counsel made the statement Shah describes, that he could not make a motion to withdraw his plea, no prejudice could have resulted from this error absent any foundation for such a motion. "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Baumann,* 692 F.2d at 572. The district court expressed its skepticism that

defense counsel gave Shah the advice he claims to have received. We affirm, however, because this advice, whatever its form, did not in any way prejudice Shah.

### III

■ Shah questions whether it was appropriate for the government to submit an affidavit as part of its response to his section 2255 motion. Shah filed a motion to strike this affidavit on the grounds that Rules 5 and 7 of the Section 2255 Rules forbid expansion of the record with such affidavits unless the court issues an order authorizing the expansion. The court implicitly denied this motion in denying Shah's motion to reconsider.

Shah offers no authority, nor are we aware of any, requiring the government to secure a court order before submitting affidavits in response to a section 2255 motion. The language of Rule 7 authorizes the court to order expansion of the record through a variety of documents, including affidavits, but the rule does not speak to whether the government may sua sponte submit any of the enumerated documents. *See* Section 2255 Rules, Rule 7. By contrast, Rule 6 provides that discovery may take place *only* by leave of the court. Section 2255 Rules, Rule 6(a). In *Allison,* the Supreme Court seems to have assumed that under the rules governing section 2254 and section 2255 proceedings, the government was free to attach affidavits along with its motion for summary judgment on a habeas corpus petition. 431 U.S. at 80 & n. 21, 97 S.Ct. at 1632 & n. 21. The court left the choice to the warden and imposed no requirement that the district court request the affidavits. *Id.* at 80–81, 97 S.Ct. at 1632–33. Furthermore, to view Rule 7 as permissive, not preventive, in this respect is consistent with Rule 7's purpose of helping district courts "to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." *See* Rules Governing Cases in the United States District Courts under Section 2254 of Title 28, United States Code (Section 2254 Rules), advisory committee note to

Rule 7, incorporated by reference in Section 2255 Rules, advisory committee note to Rule 7. We conclude, therefore, that the district court did not err in rejecting Shah's motion to strike the affidavit.

## IV

 The district court summarily dismissed Shah's claim that the court failed to grant him and his counsel the prescribed time under the statute to examine the presentence investigator's report (PSI). On appeal, Shah renews his contention that he and his counsel had little more than a day to examine the PSI, whereas the statute, 18 U.S.C. § 3552(d), prescribes 10 days. This statute did not become effective until after Shah was sentenced. Comprehensive Crime Control Act of 1984, Chapter II (Sentencing Reform Act of 1984), Pub.L. No. 98–473, §§ 212(a)(2), 235(a)(1), 98 Stat. 1987, 1989, 2031 (effective date November 1, 1986); Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 99 Stat. 1728, 1728 (1985) (effective date postponed to November 1, 1987). Shah's contention is therefore without merit.

Shah complains nonetheless that he was not allowed enough time to confer with counsel and formulate a challenge to the PSI. He suggests that the court did not allow sufficient time for him to contest the number of his prior felonies before the court determined his sentence.

At his first scheduled sentencing hearing on June 30, 1987, Shah indicated that he would contest the number of prior convictions because he and his brother from time to time used the same name, and Shah himself used other names. To simplify the process of investigation, the court asked Shah to state which of the listed convictions he denied. Obviously there was no need to investigate prior felonies Shah admitted were his. After conferring with counsel, Shah acknowledged all the convictions except for a petty theft twelve years earlier, which the judge stated would not be taken into account in sentencing. At defense counsel's request, however, the court granted a 24–hour continuance so Shah and his counsel could confer about the PSI.

On July 1, 1986, after granting some extra time that day so the defense could confer further, the court heard challenges to the PSI. Although the court made clear how much it was relying on the number of prior felonies, Shah made no further challenge to the number of felonies, other than to suggest that two similar offenses might really be one offense duplicated in his record.

Had Shah been uncertain that these convictions were his, he could have expressed that uncertainty at the time. He could also have moved for a continuance. He did neither. Shah's opportunity to challenge the number of prior felonies in the PSI was adequate. He simply let the opportunity go by.

## V

 Although Shah did not raise the issue in his appeal, we recently held that the $50 special assessment pursuant to 18 U.S.C. § 3013 violated the origination clause of the Constitution, article I, section 7. *United States v. Munoz–Flores*, 863 F.2d 654 (9th Cir.1988). We therefore reverse that part of Shah's sentence and remand for the district court to vacate the assessment.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.