892 F.2d 84
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry DEACHIN, Defendant-Appellant.
 No. 88-1360.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 21, 1989.*
Decided Dec. 13, 1989.
 
 Before GOODWIN, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry Deachin appeals his convictions for unlawful receipt and possession of stolen money orders, in violation of 18 U.S.C. § 500, and conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. Deachin contends that (1) the district court judge's excessive interference into the trial proceeding deprived him of a fair trial and (2) the district court erroneously admitted evidence of certain money orders without a proper foundation. We have jurisdiction under 28 U.S.C. § 1291 and we affirm in part and reverse and remand in part.
 
 
 3
 * Alleged Judicial Interference
 
 
 4
 A federal district court judge has broad discretion in supervising trials, and his or her behavior during trial justifies reversal only if it abuses that discretion. United States v. Laurins, 857 F.2d 529, 537 (9th Cir.1988), cert. denied, 109 S.Ct. 3215 (1989). A trial judge is more than an umpire, and may participate in the examination of witnesses to clarify evidence, confine counsel to evidentiary rulings, ensure the orderly presentation of evidence, and prevent undue repetition. Id.; Fed.R.Evid. 611(a). A judge's participation justifies a new trial only if the record shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality. Laurins, 857 F.2d at 537.
 
 
 5
 Here, a review of the record reveals that the district judge's conduct was within his discretion. His questions to Deachin were designed to clarify either a nonresponsive answer or a discrepancy from Deachin's earlier testimony. See id.; Fed.R.Evid. 611(a). The judge's inquiries during Deachin's cross-examination and redirect were designed to prevent unnecessary repetition and ensure the proper and orderly presentation of evidence. See id. The judge's alleged criticism of defense counsel for asking an objectionable question and then withdrawing the question was specifically phrased to minimize any risk of prejudice. Similarly, the judge's own objections during defense counsel's opening argument and examination of witnesses were warranted. See Fed.R.Evid. 614(b).
 
 
 6
 Moreover, the judge's admonishment to counsel for throwing a jelly bean at the prosecutor was, under the circumstances, both appropriate and restrained. Defense counsel acknowledged the unacceptability of this conduct and apologized to the court for it on two separate occasions. Further, the judge's refusal on two occasions to grant defense counsel's requests for sidebar conferences and his taking judicial notice sua sponte of a fact not yet in evidence were well within his discretion. See Laurins, 857 F.2d at 538; Fed.R.Evid. 201(c). Deachin's remaining claims of judicial misconduct are unsupported by the record.
 
 
 7
 The district judge also specifically instructed the jury not to be prejudiced by his efforts at maintaining order and decorum in the court, and advised the jury that "nothing that I say during the course of this trial, either by way of admonishing counsel or the parties, or anything else, should be taken by you as a view of how I think you ought to rule in this case." This instruction effectively purged any possible taint. See Laurins, 857 F.2d at 538. Following the procedure in Laurins, we have reviewed the transcript and find that there was no judicial misconduct or bias and therefore no abuse of the district judge's discretion. See id.
 
 II
 Allegedly Erroneous Admission of Evidence
 
 8
 We review rulings on the admissibility of evidence for an abuse of discretion. Maddox v. City of Los Angeles, 792 F.2d 1408, 1412 (9th Cir.1986).
 
 
 9
 Here, the money orders in question were relevant and properly linked to Deachin. Deachin's former codefendant testified that they were among the money orders stolen from the post office and were part of the remaining uncashed money orders that he had given to Deachin. A postal inspector testified that the money orders were part of a series found stolen from the post office. Thus, these money orders were properly admitted. Therefore, the district court did not abuse its discretion in admitting the money orders into evidence. See id.
 
 III
 Special Assessment
 
 10
 Finally, we note that a $100 special assessment fee was levied against Deachin under 18 U.S.C. § 3013. Although Deachin did not raise the issue in his appeal, this court recently held this statute unconstitutional. United States v. Munoz-Flores, 863 F.2d 654, 661 (9th Cir.1988), cert. granted, 110 S.Ct. 48 (1989). Accordingly, we reverse the special assessment portion of Deachin's sentence and remand for the district court to vacate it. See Shah v. United States, 878 F.2d 1156, 1163 (9th Cir.), cert. denied, 110 S.Ct. 195 (1989) (issue raised sua sponte on appeal). In all other respects, the judgment of the district court is affirmed.
 
 
 11
 AFFIRMED in part and REVERSED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3