50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William McCLURE, Jr., Defendant-Appellant.
 No. 94-10342.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1995.
Decided March 9, 1995.
 
 1
 Before: TANG and O'SCANNLAIN, Circuit Judges, and MERHIGE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Willie McClure, Jr. seeks to withdraw his guilty plea. McClure pled guilty to one count of using firearms and destructive devices during drug trafficking crimes and crimes of violence. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 McClure asserts ineffective assistance of counsel and coercive conditions of confinement as grounds for withdrawal of his guilty plea. We address each of the arguments in turn.
 
 I. Assistance of Counsel
 
 5
 Although he did not argue this issue before the district court, McClure asks this court to construe his arguments surrounding the taped testimony of Darryl Handy to encompass ineffective assistance of counsel. We review this issue for plain error because McClure failed to raise this specific argument in the district court. See U.S. v. Gomez-Norena, 908 F.2d 497, 500 (9th Cir.), cert. denied, 498 U.S. 947 (1990) ("a party fails to preserve an evidentiary issue for appeal not only by failing to make a specific objection, but also by making the wrong specific objection") (citations omitted; emphasis in original).
 
 
 6
 McClure maintains he repeatedly asked his lawyer, Roy Lefcourt, to procure the Handy tapes so that McClure could accurately gauge the strength of the government's case against him. Lefcourt did not provide McClure with the requested tapes. McClure further contends that Lefcourt's assistance was defective because Lefcourt did not listen to the Handy tapes; instead, Lefcourt read the government synopsis of the tapes. Finally, Lefcourt failed to disclose to McClure the inconsistencies in Handy's statements.
 
 
 7
 "A guilty plea cannot be withdrawn after sentencing unless a manifest injustice would result." U.S. v. Ramos, 923 F.2d 1346, 1358 (9th Cir.1991). McClure's argument fails because no manifest injustice resulted from Lefcourt's actions concerning the Handy tapes. McClure knew about the tapes and could have refused to go forward with his case until Lefcourt provided him with the transcripts. In fact, Lefcourt made arrangements to transcribe the tapes, but McClure pled guilty before Lefcourt could forward the transcriptions to McClure.
 
 
 8
 Although Lefcourt was aware that the tapes contained some inconsistencies, he discussed the strengths and weaknesses of McClure's case with McClure. McClure has not identified the inconsistencies which he asserts as a basis for Lefcourt's deficient performance and therefore has not met his burden of proving that the district court judge abused her discretion in finding no manifest injustice.[1]
 
 II. Coercive Conditions of Confinement
 
 9
 McClure's argument that his guilty plea was coerced by the oppressive conditions he suffered while in solitary confinement is frivolous. McClure was placed in lockdown because he tried to murder government witnesses. There is no evidence in the record that McClure complained of the conditions while he was in lockdown until this appeal and no evidence to show that the government used coercion to force McClure to plead guilty.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable Robert R. Merhige, Senior United States District Judge for the District of Virginia
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court properly denied McClure's evidentiary hearing motion. Despite McClure's assertion that Lefcourt never informed him of the inconsistencies in Handy's statement, "mere conclusory allegations do not warrant an evidentiary hearing." Shah v. U.S., 878 F.2d 1156, 1161 (9th Cir.), cert. denied, 493 U.S. 869 (1989) (citations omitted). Moreover, McClure did not show that identification of the inconsistencies would change the outcome of his case