66 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James BROWNLEE, Petitioner-Appellant,
v.
Charles MARSHAL: Attorney General for State of California,
Respondents-Appellees.
 No. 95-15059.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 8, 1995.
 
 1
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 James Brownlee, a California state prisoner, appeals pro se the district court's denial of his petition for writ of habeas corpus. 28 U.S.C. Sec. 2254. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 
 4
 * Background
 
 
 5
 A jury convicted Brownlee of aiding and abetting Freddie O., a minor, in the killing of Vincent Baxter, and found true the allegation that the principal was armed with a shotgun. Freddie O. pleaded guilty to manslaughter in juvenile court and testified against Brownlee at trial.
 
 II
 Jury Instructions
 
 6
 Brownlee contends that his due process rights were violated when the trial judge failed sua sponte to clarify the word "perpetrator" in a jury instruction, thus rendering the instructions ambiguous. This contention lacks merit.
 
 
 7
 On collateral review we determine whether failure to make this clarification "so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 502 U.S. 62, 72 (1991) (quotations omitted). We consider failure to give an instruction "in the context of the instructions as a whole and the trial record." Id. Reversal will rarely be justified for failure to give an instruction when no objection has been made in the trial court. Henderson v. Kibbe, 431 U.S. 145, 154 (1977). The omission of an instruction is less likely to be prejudicial than a misstatement of the law because it is less likely to have substantially affected the jury deliberations. Id. at 155.
 
 
 8
 In California, the jury must find that the perpetrator had the requisite intent before convicting the aider and abettor. See People v. Torres, 224 Cal.App.3d 763, 770 (1990); People v. Patterson, 209 Cal.App.3d 610, 615 (1989).
 
 
 9
 Brownlee contends that the jury could have convicted him without finding that the perpetrator had the requisite intent because the trial judge failed to define the word "perpetrator." The judge instructed the jury: "In the crime charged in the Information, namely second degree murder and any lesser included offense, there must exist a union or joint operation of act or conduct and a certain specific intent in the mind of the perpetrator " (emphasis added). In the context of the instructions as a whole and the trial record we cannot say that these instructions were so ambiguous that they violated due process. First, the challenged instruction closely followed the judge's instruction that: "A person aids and abets the commission of a crime when he, one, with knowledge of the unlawful purpose of the perpetrator and, two, with the intent or purpose of committing, encouraging or facilitating the commission of the offense by act or advise aids, promotes, encourages or instigates the commission of the crime." In addition, the trial judge specifically referred to Freddie O. when he defined the requisite intent for the charged crimes.
 
 
 10
 Second, at trial, the prosecutor argued that the jury had to consider the principal's intent. The prosecutor argued that "we go back to the killer's mind and the killer's conduct. Freddie [O.]. Did Freddie [O.] unlawfully kill Vincent Baxter?" and later, "[y]ou have to go to Freddie's conduct, because if you find that Brownlee aided and abetted and it's a natural and probable consequence, everything shifts over here and you refocus in on Freddie's conduct." Because the challenged instruction was not ambiguous in the context of the instructions as a whole and the trial, Brownlee's due process rights were not violated. Estelle, 502 U.S. at 72.
 
 III
 Ineffective Assistance of Counsel
 
 11
 Brownlee contends that his trial counsel was ineffective for failure to object to the introduction of the prior inconsistent statement of Brownlee's girlfriend, Vonda Lott. This contention lacks merit.
 
 
 12
 Failure to make meritless objections does not constitute ineffective assistance of counsel. See United States v. Shah, 878 F.2d 1156, 1162 (9th Cir.) (failure to raise a meritless legal argument is not ineffective assistance of counsel), cert. denied, 493 U.S. 869 (1989).
 
 
 13
 In California, "[a] statement by a witness that is inconsistent with his or her trial testimony is admissible to establish the truth of the matter asserted in the statement." People v. Johnson, 3 Cal.4th 1183, 1219 (1992), cert. denied, 114 S.Ct. 114 (1993). "When a witness's claim of lack of memory amounts to deliberate evasion, inconsistency is implied." Id. Finally, admission of a prior inconsistent statement when a declarant suffers from memory loss, actual or feigned, does not offend the Constitution if the hearsay declarant is present at trial and subject to unrestricted cross-examination. United States v. Owen, 484 U.S. 554, 560 (1988).
 
 
 14
 Here, Lott's testimony at trial was both inconsistent with her prior statement and evasive. After Lott testified, the prosecutor introduced Lott's prior statement, to which Brownlee's counsel did not object. Because admission of the statement did not violate state law or the Constitution, any objection would have been overruled. Accordingly, Brownlee's counsel did not render ineffective assistance by failing to object. Shah, 878 F.2d at 1162.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3