78 F.3d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jonathan Hunt LEWIS, Defendant-Appellant.
 No. 95-15477.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1996.*
Decided Feb. 28, 1996.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jonathan Hunt Lewis appeals the district court's dismissal of his 28 U.S.C. § 2255 motion. He contends that the court erred by rejecting his claim of ineffective assistance of counsel. We affirm.
 
 I.
 
 3
 Lewis was arrested in 1989 and charged with manufacturing methamphetamines, possessing methamphetamines with an intent to distribute, and possessing unregistered firearms. Pursuant to a plea agreement, Lewis pleaded guilty to one count of manufacturing methamphetamines. The remaining charges were dropped and the government agreed to recommend sentencing based only on evidence seized at a storage unit and not on evidence seized at his motel room. The district court imposed a sentence of thirty months' imprisonment and five years' supervised release. No appeal was filed. Lewis was released after serving 27 months.
 
 
 4
 During his term of supervised release, Lewis was arrested for possessing ephedrine, a precursor to methamphetamine. In response to a petition for violation of supervised release, Lewis filed this section 2255 motion collaterally attacking his underlying conviction on the ground that his attorney was ineffective for not investigating or filing a motion to suppress evidence.
 
 II.
 
 5
 Lewis relies on the fact that after his federal sentencing, parallel state charges were dismissed following a state appellate court ruling that the evidence seized from his motel room should have been suppressed. Lewis contends that his attorney in the federal proceedings should also have pursued a suppression motion. We reject that contention. We agree with the magistrate judge's observation that "[m]ovant's conjectures about counsel's knowledge of the law, failure to research, and failure to move for dismissal or suppression of evidence are not supported by the results obtained in the plea agreement." ER 32. Counsel's decision to pursue plea negotiations was made in the face of pending charges that could have resulted in a thirty-five year sentence, and a state trial court's ruling upholding the legality of the motel room search. Counsel was nonetheless able to negotiate the dismissal of three of the four charges and exclude from sentencing considerations the evidence seized at the motel. We agree with the magistrate judge that counsel's conduct plainly fell within the range of competence demanded of attorneys in criminal proceedings. See Strickland v. Washington, 466 U.S. 668, 687-91 (1984).
 
 
 6
 Lewis nevertheless contends that an evidentiary hearing should have been held to determine counsel's motives and strategies. We disagree. Evidentiary hearings are required "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The court here was entitled to rely on the record which included transcripts of hearings, documents, and affidavits. See Shah v. United States, 878 F.2d 1156, 1160 (9th Cir.1989). Lewis has not alleged any facts which taken as true convinces us that he would be able to prevail on his ineffective assistance of counsel claim.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3