106 F.3d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allen R. TURK, Petitioner-Appellant,
v.
Theo WHITE, Warden; Daniel E. Lungren, Attorney General of
the State of California, Respondents-Appellees.
 No. 95-17319.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1996.
Decided Jan. 21, 1997.
 
 Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.
 
 MEMORANDUM
 
 1
 This disposition addresses several remaining issues of this case. A published opinion addresses Turk's Sixth and Eighth Amendment claims.
 
 
 2
 The district court had jurisdiction pursuant to 28 U.S.C. § 2254. We have jurisdiction over this timely appeal under 28 U.S.C. § 2253. Since Turk filed his petition for federal habeas corpus relief before April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (amendments to 28 U.S.C. §§ 2241-2255) does not apply to this case. Jeffries v. Wood, No. 95-99003, slip op. 15893, 15894 (9th Cir. Dec. 20, 1996).
 
 
 3
 Turk argues that the State's summary judgment motion "should have been stricken as improper and inappropriate." Not so. Blackledge v. Allison, 431 U.S. 63, 80 (1977), holds that summary judgment motions are appropriate in habeas corpus proceedings.
 
 
 4
 Turk next contends that the district court erred in not striking the exhibits attached to the State's summary judgment motion because the State "failed to request expansion of the record as required by Rule 7 of the Rules Governing § 2254 Cases." On the contrary, Shah v. United States, 878 F.2d 1156, 1162-63 (9th Cir.), cert. denied, 493 U.S. 869 (1989), holds that Rule 7 does not bar an attachment of affidavits to a summary judgment motion.
 
 
 5
 Turk also argues that the district court committed reversible error when it failed to follow its own Rule 190, which in part states: "If, in the same matter in this Court, the petitioner has previously filed a petition for relief or for a stay of enforcement, the new petition shall be assigned to the Judge or Magistrate Judge who considered the prior matter." E.D.Cal.Loc.R. 190.
 
 
 6
 This argument fails for two reasons. First, Turk did not challenge the assignment to Judge Levi, rather than to Judge Karlton, until almost a year had passed and after the magistrate judge had issued his adverse findings and recommendations. Even under less questionable circumstances, we have held that such belated challenges are waived. See United States v. Gray, 876 F.2d 1411, 1414 (9th Cir.1989), cert. denied, 495 U.S. 930 (1990). Second, Turk voluntarily dismissed his first petition, so Judge Karlton never "considered" it, as Rule 190 requires. Since "we give district courts broad discretion in interpreting, applying, and determining the requirements of their own local rules," id., we conclude that the district court did not abuse its discretion in its application of Rule 190.
 
 
 7
 AFFIRMED.