122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shane Hayden LICHTERMAN, Defendant-Appellant.
 No. 96-56260.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 5, 1997.
 
 Appeal from the United States District Court for the Central District of California. Harry L. Hupp, District Judge, Presiding.
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Shane Hayden Lichterman, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his sentence for four counts of armed bank robbery and one court of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Lichterman contends that: (1) he received ineffective assistance of counsel because his sentence would have been lower if counsel had advised Lichterman to plead guilty to a different count; and (2) he was entitled to an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. § 2255, and review de novo. See United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir.1996), cert. denied, 117 S.Ct. 1282 (1997).[1]
 
 
 3
 To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the prejudice requirement, the defendant must show a reasonable probability that, bat for the errors of counsel, he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Baramdyka, 95 F.3d at 844.
 
 
 4
 Here, Lichterman cannot show prejudice resulting from his counsel's alleged error. Pursuant to the plea agreement, Lichterman stipulated to a base offense level of 30, and to a sentence at the high end of the applicable guideline range. In exchange, the government dropped three remaining firearm counts and forwent prosecution of five other bank robberies. Only partly following the terms of the plea agreement, the district court sentenced Lichterman at the low end of the guideline range, 135-168 months, plus a consecutive five years for the one firearm offense
 
 
 5
 Lichterman argues that had counsel made a better strategic decision as to what firearm count Lichterman were to plead to, his resulting offense level would have been 28 instead of 30, with a sentencing range of 110-137 months. Here, Lichterman has not shown that the government would have accepted his offer to plead to a different and more advantageous count, or that the district court would have sentenced him according to such an agreement. See Baramdyka, 95 F.3d at 846 (holding that the defendant failed to demonstrate that he would have received a better bargain, because the possibility of increasing his bargaining power was entirely speculative and unlikely, given the seriousness of the charges and the defendant's role in the offense). Moreover, Lichterman does not allege that, absent counsel's error, he would not have pleaded guilty. He alleges only that counsel should have gotten him a more favorable plea bargain. Thus, Lichterman has not shown prejudice. See Hill, 474 U.S. at 59; Strickland, 466 U.S. at 687. Accordingly, we find that the district court did not err in denying Lichterman's ineffective assistance of counsel claim. See Baramdyka, 95 F.3d at 844.
 
 
 6
 Because Lichterman's allegations fail to state a claim upon which relief may be granted, the district court did not err by denying an evidentiary hearing. See Hill, 474 U.S. at 60; Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.1989).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Lichterman's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In light of Lindh v. Murphy, we need not address the government's contention that a certificate of appealability is required under the Antiterrorism and Effective Death Penalty Act of 1996. See Lindh v. Murphy, 117 S.Ct. 2059 (1997) (holding that the Act is not retroactive)