139 F.3d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America Plaintiff-Appellee,
v.
James BLAES Defendant-Appellant.
 No. 97-10263.
D.C. No. CR-96-20133-ALL.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 24, 1998.
 
 Appeal from the United States District Court for the Northern District of California Ronald M. Whyte, District Judge, Presiding.
 Before HUG, Chief Judge, and FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Blaes appeals his jury conviction of one count of refusing to permit boarding of his fishing vessel (16 U.S.C. § 1857(1)(D)), and one count of resisting officers of the Coast Guard in the inspection of his fishing vessel (16 U.S.C. § 1857(1)(E)). We affirm.
 
 
 3
 Blaes appeals on the ground that the evidence presented at trial was insufficient as a matter of law to sustain his convictions. We review the sufficiency of the evidence by viewing the evidence in the light most favorable to the prosecution to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); United States v. Carpenter, 95 F.3d 773, 775 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 1094, 137 L.Ed.2d 227 (1997). In the instant case, there was ample evidence for a reasonable jury to conclude that Blaes refused to permit the Coast Guard officers to board his fishing vessel and resisted those officers in the inspection of his vessel in violation of 16 U.S.C. §§ 1857(1)(D) and (E). Among other things, he told the officers of the Coast Guard that "[i]f someone comes on board, someone's going to get killed." It is true that Blaes later said that he would allow boarding by California Park, Fish and Game personnel, or by one unarmed Coast Guard officer. These "conditional" permissions to board were not valid and did not excuse Blaes' violations of the statute.
 
 
 4
 Blaes also argues that he received ineffective assistance of counsel because his trial counsel failed to litigate a Fourth Amendment challenge to the Coast Guards' demand to board his ship. The claim is without merit because warrantless Coast Guard boardings of fishing vessels are authorized by federal statutes and Ninth Circuit case law. See 14 U.S.C. § 89(a); 16 U.S.C. § 1861(b)(1)(A)(ii); United States v. Troise, 796 F.2d 310, 312 (9th Cir.1986); United States v. Cilley, 785 F.2d 651, 653 (9th Cir.1985); United States v. Humphrey, 759 F.2d 743, 746 (9th Cir.1985); United States v. Kaiyo Maru No. 53, 699 F.2d 989, 996 (9th Cir.1983); see also United States v. Villamonte-Marquez, 462 U.S. 579, 593, 103 S.Ct. 2573, 2582, 77 L.Ed.2d 22 (1983). "[F]ailure to raise a meritless legal argument does not constitute ineffective assistance of counsel." Shah v. United States, 878 F.2d 1156, 1162 (9th Cir.1989). Counsel did not err and, for Blaes, the result of the trial was reliable. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3