Daniel **MANRIQUEZ**, Petitioner—Appellant,

v.

Joe **MCGRATH**, Warden, Respondent—Appellee.

No. 04–55134.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2005.*

Decided Nov. 14, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Robison D. Harley, Jr., Aty., Santa Ana, CA, for Petitioner—Appellant.

Daniel Manriquez, Crescent City, CA, Herbert S. Tetef, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent—Appellee.

Before: KLEINFELD, TASHIMA, and FISHER, Circuit Judges.

## MEMORANDUM **

We affirm the district court's denial of Manriquez's 28 U.S.C. § 2254 petition challenging his conviction for three counts of first-degree murder.

■ In order to succeed on an ineffective assistance of counsel claim, a defendant must prove both that counsel was so deficient as to not be functioning as "counsel" within the meaning of the Sixth Amendment and that this deficiency prejudiced the defendant.[1] The counsel's conduct is granted a "strong presumption" of reasonability, particularly with regard to trial strategy.[2] This standard is the same for both appellate counsel and trial counsel.[3] Neither Manriquez's trial counsel nor his appellate counsel engaged in conduct that fell below this standard. The deficiencies that Manriquez complains of were, in both instances, reasonable in light of the evidence that counsel had at the time and, moreover, were part of sound trial strategy. Nor has Manriquez established that he suffered prejudice.[4] Tatum's proposed testimony, even in the unlikely event that he gave it, would have done Manriquez no good because, as the state habeas court found, the testimony was totally incredible.

■ Manriquez's claim that Black's in-court identification of him was unduly suggestive also fails. The totality of the circumstances surrounding the in-court identification, including the questions that the prosecutor asked and the prior identifications at both photographic and live lineups, show that this was a valid in-court identification.[5]

Because none of these claims has any merit, we affirm the district court's denial of Manriquez's habeas petition.

AFFIRM.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

2. *Id.* at 689, 104 S.Ct. 2052.

3. *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

4. *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir.1989).

5. *Neil v. Biggers*, 409 U.S. 188, 199–200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).