
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-55968 |
| Plaintiff - Appellee, | D.C. Nos.  2:07-cv-07813-DSF |
| v. | 2:01-cr-00633-DSF-1 |
| ABDALLAH M. DAIS, AKA Seal A, AKA Kamal Soudiha, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted June 6, 2012[**]
Pasadena, California

Before: KOZINSKI, Chief Judge, TROTT and THOMAS, Circuit Judges.

Abdallah Dais, previously found guilty by a jury in 2002 of felonies

involving precursor chemicals used to manufacture methamphetamine, appeals the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's denial of his motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence. He claims his trial counsel rendered ineffective assistance by failing to show him before trial a silent videotape of his participation in one small episode in the conspiracy charge he faced. He claims he had no knowledge of what was on the videotape because trial counsel failed to tell him what was on it before the trial, and that, had he known of the content of the tape, he would have pleaded guilty, thereby lessening his sentence.

Based on the record, the trial court did not believe this claim, finding it to be "not credible." The court concluded that, because Dais's attorney had in fact told him pretrial what was on the videotape and provided him with "all the discovery" the government had turned over -- which included transcripts of extensive incriminating intercepted telephone conversations -- her failure to show him the silent video before trial did not fall below any objective standard of reasonableness. Moreover, given the overwhelming quantity and quality of the government's evidence, the district court also concluded that Dais could not demonstrate any prejudice whatsoever from not having seen the video until the trial.

After a careful review of the record, we agree with the district court on both counts. Dais's claim is demonstrably not credible. Counsel told him what he faced

and that he should consider pleading guilty because the government had "a lot of

evidence" against him. Instead, he chose to go to trial. Even after he saw the

videotape during trial, at no time or in any way did he attempt to change his plea in

order to gain the sentencing benefit of acceptance of responsibility he now desires.[1]

Because Dais's motion has no merit, we AFFIRM.

---

[1] In the alternative, Dais asks us to remand for an evidentiary hearing. Because he has not demonstrated specific facts, which, if true, would entitle him to relief, this request has no merit. 28 U.S.C. § 2255(b); Shah v. United States, 878 F.2d 1156, 1160 (9th Cir. 1989).