FILED

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LARRY REDIC,

          Petitioner-Appellant,

v.

TERRI L. GONZALES, Warden,

          Respondent-Appellee.

No.   15-15177

D.C. No. 3:08-cv-05010-RS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted May 15, 2017
San Francisco, California

Before:  KLEINFELD and WARDLAW, Circuit Judges, and MORRIS,[**] District Judge.

    California prisoner Larry Redic appeals the district court's denial of his

petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Redic was charged

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

and convicted of sex offenses under § 667.6(c) and (d) of the California Penal Code.  Section 667.6(c) provides that for certain enumerated crimes a consecutive sentence may be imposed if there are multiple offenses against the same victim on the same occasion.  Section 667.6(d) provides that for certain enumerated crimes a consecutive sentence shall be imposed if there are offenses against multiple victims or multiple offenses against the same victim on separate occasion.   Redic's principal contention is that his charging document did not give him notice that the State would seek to enhance his sentence with a mandatory consecutive sentence under the multiple occasions theory of § 667.6(d) and that this lack of notice violated his due process rights.  We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Redic's claim was procedurally defaulted because he did not raise it at his sentencing hearing.   Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."  Coleman v. Thompson, 501 U.S. 722, 729 (1991).  We have recognized that California's contemporaneous objection rule constitutes a valid basis for procedural default.  See Fairbank v. Ayers, 650 F.3d 1243, 1256–57 (9th Cir.

2011). Because the state appellate court found that Redic waived his claim by failing to object at sentencing, Redic's claim is procedurally defaulted.[1]

Therefore, for our Court to be able to review his federal claim, Redic must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." Coleman, 501 U.S. at 750. However, Redic can demonstrate neither cause nor prejudice. An ineffective assistance of counsel claim cannot be premised on the failure of counsel to raise a meritless argument. See Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989). Here, given that the trial court expressly found that it believed that the offenses occurred against the same victim on separate occasions, and that the evidence supported that conclusion, Redic's trial counsel could have reasonably concluded that the trial court had every intention of punishing each offense severely, regardless of whether it was required to do so under § 667.6(d) or merely permitted to do so under § 667.6(c). Because the same sentence was available to the trial court under §

---

[1] Redic argues that the California Court of Appeal's decision did not "clearly and expressly" rest on procedural default and that we are therefore not precluded from reviewing his claim. See Harris v. Reed, 489 U.S. 255, 263 (1989). This is incorrect: Instead, the court expressly concluded that Redic waived his claim by failing to raise it at the sentencing hearing, while holding in the alternative that his claim failed on the merits.

667.6(c), which was expressly referenced in the charging document, Redic's counsel could have reasonably determined that any objection would have been futile. Similarly, Redic cannot demonstrate prejudice because there is no reason to believe the trial court would have given him a more favorable sentence had there been an objection, because § 667.6(c) allows for the exact same sentence that was ultimately imposed. The procedural bar therefore precludes consideration of Redic's claim.

**AFFIRMED.**