NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-16729 |
| Plaintiff-Appellee, | D.C. Nos. 2:13-cv-00539-KJD |
| v. | 2:05-cr-00040-KJD-RJJ |
| MARIO WEICKS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted August 19, 2019**

Before: SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Federal prisoner Mario Weicks appeals from the district court's order

denying his 28 U.S.C. § 2255 motion to vacate his sentence. We have jurisdiction

under 28 U.S.C. § 2253. We review de novo, *see United States v. Reves,* 774 F.3d

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Appellant's request for oral argument is, therefore, denied.

562, 564 (9th Cir. 2014), and we vacate and remand in part, and affirm in part.

Weicks contends that his convictions under 18 U.S.C. § 2423 (a) and (b) do not qualify as crimes of violence under the residual clause of 18 U.S.C. § 924(c). The government concedes that Weicks is entitled to relief if the residual clause of section 924(c) is invalid. In *United States v. Davis,* 139 S. Ct. 2319, 2336 (2019), the Supreme Court held that the residual clause of section 924(c) is unconstitutionally vague and therefore void. Accordingly, we vacate the district court's order denying Weicks's section 2255 motion as it pertains to Weicks's challenge to his conviction under section 924(c) and remand for further proceedings concerning that claim.

Weicks also asserts that trial counsel was ineffective by misadvising Weicks about the government's guilty plea offer. Contrary to Weicks' contentions, the record does not show that trial counsel misadvised Weicks. Accordingly, Weicks has not demonstrated that trial counsel's advice was objectively unreasonable. *See Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). We further conclude that, under the circumstances of this case, the district court did not abuse its discretion in adjudicating this claim without conducting an evidentiary hearing. *See Shah v. United States*, 878 F.2d 1156, 1158-59 (9th Cir. 1989).

**VACATED and REMANDED in part; AFFIRMED in part.**