83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Irabor IYANGBE, Defendant-Appellant.
 No. 95-15352.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Irabor Iyangbe appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction imposed following his jury conviction for conspiracy to import heroin in violation of 21 U.S.C. §§ 963 and 952(a). Iyangbe contends that he received ineffective assistance of counsel based on alleged incompetence and conflict of interest. Iyangbe also contends that the district court erred by denying his section 2255 motion without permitting discovery, appointing counsel or conducting an evidentiary hearing. We have jurisdiction under 28 U.S.C. §§ 1291, 2255. We review de novo the denial of a section 2255 motion, and for an abuse of discretion the denial of an evidentiary hearing. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). "We review for clear error any factual findings the district court made in deciding a section 2255 motion." United States v. Mett, 65 F.3d 1531, 1534 (9th Cir.1995) (quotation omitted). We affirm.
 
 
 3
 In order to prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Swanson, 943 F.2d 1070, 1073 (9th Cir.1991).
 
 
 4
 * Conflict of Interest
 
 
 5
 Iyangbe claims that he received ineffective assistance of counsel because attorney Brian Getz, who represented him at his bail hearing and arraignment, had a conflict of interest stemming from his representation of Shair Ali in an unrelated case. This contention lacks merit.
 
 
 6
 "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Garcia v. Bunnell, 33 F.3d 1193, 1198 (9th Cir.1994) (quoting Cuyler v. Sullivan, 446 U.S. 335, 348 (1980)), cert. denied, 115 S.Ct. 1374 (1995). "Conflicts of interest can arise both in cases of simultaneous and successive representation. Generally, it is more difficult to show an actual conflict resulting from successive rather than simultaneous representation." Mannhalt v. Reed, 847 F.2d 576, 580 (9th Cir.) (citations omitted), cert. denied, 488 U.S. 908 (1988). "In successive representation, conflicts of interest may arise if the cases are substantially related or if the attorney reveals privileged communication of the former client or otherwise divides his loyalties." Id.
 
 
 7
 Iyangbe has failed to demonstrate that an actual conflict of interest adversely affected Getz's performance. First, Iyangbe failed to demonstrate an actual conflict of interest because Getz's declaration refutes Iyangbe's allegation that Getz had any knowledge of Ali's attempts to have his sentence reduced in exchange for information regarding Iyangbe and his codefendants. Second, Iyangbe merely speculates as to how the alleged conflict of interest may have adversely affected Getz's performance. Accordingly, the district court did not err by denying this claim. See United States v. Mimms, 928 F.2d 310, 313 (9th Cir.1991) ("this court will not create a conflict out of mere conjecture as to what might have been shown").
 
 II
 Ineffective Assistance of Counsel
 
 8
 Iyangbe contends that he received ineffective assistance from attorney Frank Leidman, his trial counsel. Iyangbe complains, first, that his counsel's performance was deficient because he did not call two witnesses to contradict the testimony of Ora Craddock, a co-defendant who cooperated with the government, regarding the time of her introduction to Iyangbe. Second, Iyangbe claims that counsel's performance was deficient because counsel did not subpoena U.S. Customs agents who interviewed Iyangbe and the records from those interviews. We agree with the district court that counsel's tactical decisions not to call the two witnesses or subpoena the Customs agents after conducting interviews does not form the basis of an ineffective assistance of counsel claim. See Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984) (per curiam).
 
 
 9
 Next, Iyangbe complains that his counsel's performance was deficient because counsel did not obtain Iyangbe's telephone bills which were seized by the government, or records concerning a real estate transaction in Nigeria. The district court found that the government introduced into evidence all the relevant telephone records and that copies of the Nigerian real estate documents were produced by Leidman. These findings are not clearly erroneous. See Mett, 65 F.3d at 1534. Thus, counsel's alleged failure to produce these documents was not deficient because the evidence would have been cumulative. See Tinsley v. Borg, 895 F.2d 520, 532 (9th Cir.1990), cert. denied, 489 U.S. 1091 (1991).[1]
 
 III
 Other Claims
 
 10
 Finally, Iyangbe contends that the district court erred by denying his section 2255 motion without permitting discovery, appointing counsel or conducting an evidentiary hearing. These contentions lack merit.
 
 
 11
 The Sixth Amendment right to counsel does not apply to habeas corpus proceedings and the court need not appoint counsel for an indigent petitioner when an evidentiary hearing is not required. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). Here, an evidentiary hearing was not required because Iyangbe's claims were based on facts contained in the record, pleadings, and files. Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991); Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989). Because Iyangbe's claims were based on facts contained in the record, pleadings, and files, the district court's denial of Iyangbe's discovery request was proper. See Rule 6(a), 28 U.S.C. foll. § 2255; see also Shah, 878 F.2d at 1162.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Iyangbe also contends that the district court erred by failing to rule that the accumulated errors of counsel constituted ineffective assistance of counsel. Because we conclude that Iyangbe has failed to demonstrate prejudice resulting from any alleged errors, this contention lacks merit. See Swanson, 943 at 1073
 
 
 [2]
 Appellee's motion to supplement the record is denied. Appellant's motions to file a late reply brief and strike certain portions of appellee's excerpts of record are denied