87 F.3d 1325
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Neil SHANNON, Defendant-Appellant.
 No. 95-16733.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Neil Shannon, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion following his guilty plea conviction to making false statements under ERISA (18 U.S.C. § 1027), theft of funds from a federal program (18 U.S.C. § 666), and money laundering (18 U.S.C. § 1957). Shannon contends that: (1) he was denied his Sixth Amendment right to representation by conflict-free counsel; (2) trial counsel was ineffective for failing to adequately inform Shannon of the charged offenses and possible defenses and for agreeing with the district court that there was a factual basis for Shannon's guilty plea; and (3) his forfeiture order should be stricken because the district court failed to verbally order forfeiture at sentencing. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990), and we affirm in part and vacate and remand in part.
 
 I. Conflict of Interest
 
 3
 Shannon claims that he did not receive conflict-free representation because his attorney represented both him and the co-defendant corporation R.G. Shannon, Inc.[1] This contention lacks merit.
 
 
 4
 In order to establish ineffective assistance on the basis of conflict of interest, a party must show that counsel actively represented conflicting interests which adversely affected counsel's performance.[2] Cuyler v. Sullivan, 446 U.S. 335, 348-50 (1980). An actual conflict, as opposed to a mere possibility of conflict, is necessary and must be proven through a factual showing on the record. Sanders v. Ratelle, 21 F.3d 1446, 1452 (9th Cir.1994).
 
 
 5
 Here, the record does not disclose that Shannon's trial counsel labored under an actual conflict of interest. Shannon was CEO of the corporation and he and his family were the only shareholders of the corporation. At the corporate change of plea hearing, Shannon entered the guilty plea on behalf of the corporation after informing the court that the corporation was essentially defunct. Shannon's allegations that the false statements attributed to the corporation were in fact made by his employee and co-defendant Philip Bullis without his knowledge, are directly contradicted by the record. At his own plea hearing Shannon admitted that he directed Bullis to make those false statements. In sum, Shannon has failed to show that his counsel actively represented competing interests by representing both Shannon and the corporation. See Cuyler, 446 U.S. at 350; Sanders, 21 F.3d at 1452.
 
 II. Ineffective Assistance of Counsel
 
 6
 Shannon claims trial counsel was ineffective for failing to adequately advise him of the elements of the charged offense and available defenses and for agreeing with the district court that there was a factual basis for Shannon's guilty plea. The record belies these contentions.
 
 
 7
 To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1996). To satisfy the prejudice requirement in the context of a guilty plea, the defendant must show a reasonably probability that, but for the errors of counsel, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).
 
 
 8
 First, it is clear from the record that trial counsel adequately advised him of the charges. At his change of plea hearing, Shannon confirmed under oath that he and his attorney had discussed the charges contained in the indictment as well as all of the elements pertinent to those charges. Shannon further confirmed that he had "completely" read the plea agreement and "fully" discussed it with his attorney; that his attorney had discussed any possible defenses that he might have to any of the counts in the indictment; and that he was fully satisfied with the overall representation by his attorney including his advice regarding the plea. Accordingly, the district court properly denied Shannon's section 2255 motion on this claim. See Shah v. United States, 878 F.2d 1156, 1160 (9th Cir.1989), cert. denied, 493 U.S. 869 (1989).[3]
 
 
 9
 We also reject Shannon's contention that trial counsel was ineffective for agreeing with the court that there was an adequate factual basis for Shannon's guilty plea. Federal Rule of Criminal Procedure 11 requires the district court to inquire into the factual basis for the plea before accepting it. Fed.R.Crim.P. 11(f). Although the rule prescribes no specific method of establishing the factual basis, it must be established on the record that there is sufficient evidence to support the conclusion that the defendant is guilty. See United States v. Rivera-Ramirez, 715 F.2d 453, 457 (1983), cert. denied, 467 U.S. 1215; see also United States v. Alber, 56 F.3d 1106, 1111 (9th Cir.1995).
 
 
 10
 Here, Shannon provided a sufficient factual basis for his plea when in open court he: (1) acknowledged he had read the factual statements in his plea agreement and that he agreed with those statements; (2) related the facts underlying each count in his own words; and (3) listened to the prosecution recite the facts supporting each element of the charges and then adopted those statements as his own. See Rivera-Ramirez, 715 F.2d at 458. Accordingly, counsel was not ineffective for agreeing that there was an adequate factual basis to support the guilty plea. See Cuffle v. Goldsmith, 906 F.2d 385, 388 (9th Cir.1990) (attorney cannot be found to have acted unreasonably by failing to act on a claim that is clearly refuted by the record).
 
 III. Other Claims
 
 11
 Shannon also contends that the district court had no jurisdiction to accept his plea with regards to counts eight and nine. Shannon's allegations to support this claim, however, consist entirely of challenges to the sufficiency of the evidence. Accordingly we deem the issue waived. See United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987) (by pleading guilty, defendant admits all averments of fact in the indictment including those that form the predicate for federal jurisdiction).
 
 
 12
 Shannon contends the district court erred by increasing his offense level by nine levels based on a $70,000--$200,000 loss. Shannon waived this allegation of non-constitutional sentencing error by failing to challenge the adjustment in district court or on direct appeal. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994).
 
 
 13
 Shannon's remaining claims of ineffective assistance of counsel based upon the same contentions discussed above, are also without merit. See Shah, 878 F.2d at 1161-62 (failure to raise meritless legal arguments in district court does not constitute ineffective assistance of counsel); Miller v. Keeney, 882 F.2d 1428 (9th Cir.1989) (appellate counsel not ineffective for failing to raise weak issues).
 
 IV. Forfeiture Order
 
 14
 Shannon's contention that the forfeiture order should be stricken from his judgment because the district court failed to verbally order forfeiture at the time of sentencing, has merit. "[T]his [c]ourt has uniformly held that the oral pronouncement, as correctly reported, must control. The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant." United States v. Hicks, 997 F.2d 594, 597 (9th Cir.1993) (citation omitted).
 
 
 15
 Here, although the forfeiture was a part of the indictment to which Shannon pled guilty and was included in the signed plea agreement, the sentencing judge failed to verbally order the forfeiture during his sentencing pronouncements. The forfeiture order was added to an amended judgment eight days after entry of the initial judgment. Accordingly, we affirm all portions of the sentence except for the forfeiture order which we vacate and remand for the limited purpose of allowing the district court to correct the inconsistency between the amended written judgment and the court's oral pronouncement. See Hicks, 997 F.2d at 597.
 
 
 16
 AFFIRMED in part and VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Co-defendant Philip Bullis was represented by separate counsel
 
 
 [2]
 Shannon acknowledges that although his trial counsel informed him that a potential conflict could arise, Shannon did not object to the joint representation. Accordingly, Shannon must show both an actual conflict and an adverse effect. Cf. Garcia v. Bunnell, 33 F.3d 1193, 1198 n. 5 (9th Cir.1994), cert. denied, 115 S.Ct. 1374 (1995) (timely objection obviates the need to show adverse effect once defendant establishes actual conflict)
 
 
 [3]
 To the extent Shannon argues that the district court failed to adequately inform him of the charges, we find this contention equally unavailing. The charges were listed in open court, the elements and underlying facts were explained by the prosecutor, and Shannon verified that he had read the indictment and plea agreement. Cf. United States v. Smith, 60 F.3d 595, 600 (9th Cir.1995) (vacating guilty plea and conviction on direct appeal based on district court's total failure to identify crime during Rule 11 colloquy)