139 F.3d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America Plaintiff-Appellee,
v.
John Lloyd GARDNER Defendant-Appellant.
 No. 96-10512.
D.C. No. CR-94-20078-RMW.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1998.
Decided Feb. 25, 1998.
 
 Appeal from the United States District Court for the Northern District of California Ronald M. Whyte, District Judge, Presiding.
 Before HUG, Chief Judge, and FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Lloyd Gardner appeals his jury conviction for distribution of cocaine and possession of methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We affirm.
 
 
 3
 1. He first asserts that the district court erred when it denied his motion for a new trial based on a Brady[1] violation. He alleges that the newly discovered confidential probation file of the government informer contained impeachment material that the defense counsel could have used at trial to undermine the credibility of the lead DEA agent and the government informer. Gardner's claim fails. The impeachment material is exculpatory for Brady purposes. See United States v. Bracy, 67 F.3d 1421, 1428 (9th Cir.1995); United States v. Hanna, 55 F.3d 1456, 1459 (9th Cir.1995). And because the lead DEA agent in charge of Gardner's investigation was aware of some of the information contained in the probation file, his knowledge is imputed to the prosecution. See United States v. Zuno-Arce, 44 F.3d 1420, 1427 (9th Cir.1995); United States v. Davis, 960 F.2d 820, 827 n. 3 (9th Cir.1992). However, Gardner fails to establish materiality. Given the already extensive impeachment of the government witnesses and the overwhelming evidence of Gardner's guilt, we hold that the "new" impeachment material does not "put the whole case in such a different light as to undermine confidence in the verdict." Kyles v. Whitley, 514 U.S. 419, 435, 115 S.Ct. 1555, 1566, 131 L.Ed.2d 490 (1995).
 
 
 4
 2. Gardner also argues that nondisclosure of Brady material deprived him of his constitutional right to confront witnesses against him. Gardner's attempt to transform his Brady claim into a Confrontation Clause claim fails. See Pennsylvania v. Ritchie, 480 U.S. 39, 52-53 & n. 9, 107 S.Ct. 989, 999 & n. 9, 94 L.Ed.2d 40 (1987) (plurality opinion). At any rate, under the circumstances of this case, the claimed confrontation error would have been harmless. See Delaware v. Van Arsdall, 475 U.S. 673, 684, 106 S.Ct. 1431, 1438, 89 L.Ed.2d 674 (1986).
 
 
 5
 3. Gardner further claims that the district court erred when it did not instruct the jury on the defense of entrapment and when it excluded expert testimony in support of the entrapment defense. These claims fail as well. Because Gardner did not present even slight evidence of entrapment, he was not entitled to the entrapment instruction. See United States v. Marbella, 73 F.3d 1508, 1512-13 (9th Cir.), cert. denied, 518 U.S. 1020, 116 S.Ct. 2555, 135 L.Ed.2d 1073 (1996); United States v. Manarite, 44 F.3d 1407, 1417-18 (9th Cir.1995); United States v. Smith, 924 F.2d 889, 897-98 (9th Cir.1991). Similarly, the lack of evidence of entrapment rendered expert testimony regarding his predisposition to entrapment irrelevant. The court did not abuse its discretion in excluding it. See Fed.R.Evid. 402; United States v. Springer, 51 F.3d 861, 868 (9th Cir.1995); Daily Herald Co. v. Munro, 838 F.2d 380, 388-89 (9th Cir.1988).
 
 
 6
 4. Finally, Gardner argues that he was deprived of the effective assistance of counsel as a result of his attorney's failure to move for a mistrial upon the district court's refusal to give an entrapment instruction. However, had his counsel made that motion, he still would not have been entitled to a mistrial. See, e.g., Frazier v. Cupp, 394 U.S. 731, 736, 89 S.Ct. 1420, 1423, 22 L.Ed.2d 684 (1969) ("Many things might happen during the course of the trial which would prevent the presentation of all the evidence described in advance."). Therefore, he has failed to establish that the failure to move for a mistrial rendered counsel's assistance ineffective. See Shah v. United States, 878 F.2d 1156, 1162 (9th Cir.1989) ("[F]ailure to raise a meritless legal argument does not constitute ineffective assistance of counsel."); see also Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993).
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)