145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
STEVE R. TRELEAVEN, Defendant-Appellant.
 No. 97-35144.
D.C. Nos. CV-96-00147-WFN, CR-92-00006-WFN.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 27, 1998.
 
 Appeal from the United States District Court for the District of Idaho, Wm. Fremming Nielsen, Chief Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Steve R. Treleaven appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction and sentence following a guilty plea to manufacture of marijuana and conspiracy to manufacture marijuana in violation of 21 U.S.C. §§ 841 and 846. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo the district court's denial of Treleaven's motion, see United States v. McMullen, 98 F.3d 1155, 1156-57 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 2444, 138 L.Ed.2d 203 (1997), and we affirm.
 
 
 3
 Treleaven contends that he received ineffective assistance of counsel prior to pleading guilty and during his direct appeal, and that his sentence was improperly enhanced for a prior conviction pursuant to 21 U.S.C. § 851.
 
 
 4
 A successful ineffective assistance of counsel claim requires a defendant to show deficient performance by his attorney and prejudice from that deficiency. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 
 
 5
 Treleaven argues that his attorney provided ineffective assistance at Treleaven's suppression hearing by failing to impeach search warrant affiant Agent Trout with prior inconsistent testimony regarding how close Trout came to buildings on Treleaven's property. We disagree. While Trout's testimony at the suppression hearing is arguably inconsistent with his prior testimony, Treleaven has not demonstrated a reasonable probability that the outcome of the proceeding would have been different if his attorney had raised this issue. See id. at 697 (stating that failure to show prejudice alone is fatal to ineffective assistance claim).
 
 
 6
 Treleaven also argues that this court should review de novo the question whether Trout violated Treleaven's Fourth Amendment rights. We reject this argument because Fourth Amendment claims invoking the exclusionary rule are barred in section 2255 proceedings. See United States v. Hearst, 638 F.2d 1190, 1196 (9th Cir.1980).
 
 
 7
 Treleaven next contends that his appellate attorney was ineffective for failing to raise the issue of Trout's inconsistent testimony. This contention lacks merit because Treleaven has not shown a reasonable probability that the outcome of his appeal would have been different if his attorney had raised this issue. See Strickland, 466 U.S. at 697.
 
 
 8
 Treleaven contends that his appellate attorney was ineffective for failing to argue on appeal that all evidence, rather than merely Trout's statement that he smelled marijuana, should have been excluded as a product of Trout's illegal search. This contention lacks merit because Treleaven's attorney did argue for the exclusion of all of Trout's observations, albeit on a different basis than that which Treleaven now asserts was proper. In choosing which arguments to advance on appeal, Treleaven's attorney made a reasonable tactical decision. See id. at 689-90 (noting deference afforded tactical decisions by counsel). Moreover, the factual premise for the argument Treleaven contends his attorney should have advanced is not supported by the record. See Baumann v.. United States, 692 F.2d 565, 572 (9th Cir.1982) (stating that attorney's failure to raise meritless legal argument does not constitute ineffective assistance). Accordingly, Treleaven has failed to demonstrate ineffective assistance of counsel. See Strickland, 466 U.S. at 687.
 
 
 9
 Treleaven argues that his attorney was ineffective for failing to call additional witnesses at Treleaven's suppression hearing. According to Treleaven, these witnesses' testimony would have shown that the police lied and committed other misconduct in obtaining the warrant to search Treleaven's residence. This argument lacks merit because Treleaven failed to explain how the witnesses could have demonstrated police misconduct. See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir.1989) (rejecting ineffective assistance claim based on conclusory allegations); see also Franks v. Delaware, 438 U.S. 154, 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) (stating that defendant challenging search warrant may challenge statements of affiant, but not underlying statements of informant).
 
 
 10
 Treleaven contends that his attorney was ineffective for failing to object to the magistrate judge's order refusing to disclose the identity of the government's confidential informant. This contention lacks merit because the magistrate judge granted motions to require the Government to disclose the identity of the confidential informant, and examined the informant in camera. Treleaven's argument that his attorney should have pursued the matter further, demanding a hearing at which he could confront the informant, is based wholly on Treleaven's unsupported allegations that the informant lied to the magistrate judge during the in camera hearing in order to conceal a police conspiracy against Treleaven. These unsupported allegations are not sufficient to demonstrate that Treleaven's attorney performed deficiently or that Treleaven suffered prejudice. See Strickland, 466 U.S. at 687; Shah, 878 F.2d at 1161.
 
 
 11
 Finally, Treleaven contends that his sentence was improperly enhanced pursuant to 21 U.S.C. § 851 because the government failed to file an information. This contention lacks merit.
 
 
 12
 In order to enhance a defendant's sentence for a previous conviction pursuant to section 851, the government must file "an information with the court" and serve a copy on the defendant or his counsel "stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1) (1995). Here, we agree with the district court that the government complied with section 851 by timely filing an information and serving a copy on defendant's counsel. The fact that district court personnel mistakenly placed the information in the wrong case file after the government filed it does not alter our conclusion, given that Treleaven's counsel received actual notice of the government's intent to invoke section 851.
 
 
 13
 Treleaven also challenges the section 851 sentence enhancement by contending that section 851(a)(2) requires the prior conviction to have been obtained by indictment, while Treleaven's prior conviction was obtained by information. This contention lacks merit because it is based on an erroneous reading of section 851(a)(2). See United States v. Espinosa, 827 F.2d 604, 617 (9th Cir.1987) (stating that section 851(a)(2) requires the instant, rather than the prior felony be obtained by indictment).
 
 
 14
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Treleaven's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3