MEMORANDUM *
Lee Robbins appeals the district court’s denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.
I. Right to Counsel
Robbins raises three appointment of counsel claims purportedly implicating his Sixth Amendment rights. Each lacks merit.
First, Robbins is not entitled to substitute his court-appointed counsel with new counsel simply because he disagrees with his counsel or is unsatisfied with his counsel’s performance. A criminal defen *39 dant has a constitutional right to appointed counsel but not to any particular attorney. Jackson v. Ylst, 921 F.2d 882, 888 (9th Cir.1990). Upon review of the multiple Marsden hearings held by the trial court, we conclude that the court did not abuse its discretion in denying Robbins’s request. Nothing in the record indicates that the disagreements between Robbins and his counsel prevented counsel from rendering effective assistance.
Second, after Robbins’s voluntary and intelligent waiver of counsel pursuant to Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), Robbins did not expressly request reappointment of counsel. Instead, Robbins made requests for advisory counsel and to retain his pro se status and to act as co-counsel. Only in a single paragraph in the May 2, 1990 motion did Robbins mention reappointment of counsel, and this request was clearly qualified by his insistence that he remain co-counsel. This was not a request to withdraw his waiver and be represented by counsel in subsequent proceedings, and thus Robbins’s waiver carried forward. See United States v. Springer, 51 F.3d 861, 864-65 (9th Cir.1995).
Third, there is no Sixth Amendment right to advisory counsel. United States v. Moreland, 622 F.3d 1147, 1155 (9th Cir. 2010).
II. Brady Material
Robbins did not establish a Brady violation because the exculpatory evidence allegedly withheld from Robbins was not material. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Evidence is material “if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.” Silva v. Brown, 416 F.3d 980, 985 (9th Cir.2005) (citations omitted). In Robbins’s case, there was no such reasonable probability.
With respect to the victim’s rap sheet, any information to be gained would have been cumulative. Merely cumulative evidence does not satisfy the Brady materiality prong. See Barker v. Fleming, 423 F.3d 1085, 1096-97 (9th Cir.2005).
With respect to the ballistics report, the record does not establish that such a report existed. Like the district court, we conclude the government did not violate Brady by withholding a report that did not exist. We are unpersuaded by counsel’s inference that a report did exist. Such an inference is not supported by the record.
Finally, as to the victim’s death certificate, the coroner’s investigator’s report, the GSR Data Sheet, and the Case Reported sheet, the documents were not material. Even though the four documents tended to refute the government’s theory as to when the shooting occurred, the documents were contradicted by substantial ear and eye witness testimony, which informed the jury that the shooting had occurred sometime prior to 8:30 pm. Because the overwhelming evidence presented at trial was contrary to the information in the four documents, the government’s failure to disclose the documents was not prejudicial and did not violate Brady. See United States v. Zuno-Arce, 44 F.3d 1420, 1428 (9th Cir.1995).
III. Appellate Review and Assistance of Appellate Counsel
Robbins’s appellate counsel did not provide ineffective assistance of counsel per se by filing a no-merit brief pursuant to California procedure in People v. Wende, 25 Cal.3d 436, 158 Cal.Rptr. 839, 600 P.2d 1071 (1979). Smith v. Robbins, 528 U.S. 259, 276, 279-84, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). The proper stan *40 dard under which to evaluate Robbins’s Wende claims is that enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Smith, 528 U.S. at 285, 120 S.Ct. 746. Robbins is required to “show that his counsel was objectively unreasonable in failing to find arguable issues to appeal .... If Robbins succeeds in such a showing, he then has the burden of demonstrating prejudice.” Id. (citation omitted).
Appellate counsel did not render ineffective assistance for failing to raise meritless legal arguments. See Shah v. United States, 878 F.2d 1156, 1162 (9th Cir.1989); Baumann v. United States, 692 F.2d 565, 572 (9th Cir.1982). First, Robbins did not request reappointment of counsel, as discussed above. Second, the trial court properly exercised its discretion in considering and denying Robbins’s request for advisory counsel. Contrary to Robbins’s belief, People v. Bigelow, 37 Cal.3d 731, 743-4, 209 Cal.Rptr. 328, 691 P.2d 994 (1984), does not lay out a strict rubric of factors that a court must consider. Under Bigelow, a defendant is entitled “only to a considered exercise of judicial discretion,” id. at 745, 209 Cal.Rptr. 328, 691 P.2d 994, which Robbins received when the trial court considered his request during the August 9, 1990 hearing. Third, the four undisclosed documents were not material under Brady.
Moreover, Robbins is not entitled to a presumption of prejudice simply because counsel failed to provide the entire record on appeal as required by Wende. This scenario does not fall into those categories requiring a presumption of prejudice under Strickland. See Smith, 528 U.S. at 285-87, 120 S.Ct. 746. We also decline Robbins’s invitation to extend Penson v. Ohio, 488 U.S. 75, 86-88, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and do not find that Robbins was constructively denied counsel such that a presumption of prejudice is warranted. Robbins has not demonstrated that counsel’s failure to provide the entire record on appeal resulted in actual prejudice, as required under Strickland.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.