**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

SEP 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-56376 |
| Plaintiff-Appellee, | D.C. Nos. 3:18-cv-02787-WQH 3:11-cr-04153-WQH-10 |
| v. | |
| ROBERT COTA, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted August 16, 2023**
Pasadena, California

Before: WARDLAW, CHRISTEN, and SUNG, Circuit Judges.

Petitioner Robert Cota, Jr. appeals the district court's denial of his 28 U.S.C.

§ 2255 motion to vacate his conviction for conspiring to distribute

methamphetamine. Cota claims that he was unconstitutionally shackled at trial.

The district court judge, who also presided over Cota's trial, dismissed Cota's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion, because he found that Cota was not shackled during trial. The judge made that factual finding without conducting an evidentiary hearing.[1]

We review a district court's decision not to hold an evidentiary hearing in a § 2255 proceeding for abuse of discretion. *United States v. Rodriguez*, 49 F.4th 1205, 1211 (9th Cir. 2022). We review factual findings and credibility determinations for clear error. *Earp v. Davis*, 881 F.3d 1135, 1142 (9th Cir. 2018). We conclude that the district court neither abused its discretion nor clearly erred, so we affirm.[2]

1. The district court did not abuse its discretion in resolving Cota's motion without an evidentiary hearing.[3] The record shows that the district court gave Cota's claim "careful consideration and plenary processing, including full opportunity for presentation of the relevant facts." *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989). Although 28 U.S.C. § 2255 creates a presumption in

---

[1] Because the parties are familiar with the facts, we do not recount them here.

[2] We grant Cota's unopposed motion to take judicial notice (Dkt. 17) of documents relating to the Southern District of California's universal shackling policy. Although Cota argues that the universal shackling policy also creates the inference that he was shackled at trial, the policy, by its express terms, did not apply to jury trials, and the only case Cota identifies in which a defendant was shackled during trial was a misdemeanor bench trial.

[3] A two-member panel of this court granted a Certificate of Appealability (COA) only for the issue of procedural default. However, as the government concedes, the COA encompasses the threshold question of whether the district court abused its discretion by declining to hold an evidentiary hearing.

favor of holding evidentiary hearings, *see Rodriguez*, 49 F.4th at 1213, judges may alternatively rely on records, their own notes and recollections, and common sense to resolve factual disputes, especially when the factual dispute concerns something that occurred in open court and could be resolved by considering the trial record, *see Shah*, 878 F.2d at 1159. Here, the district court judge found that Cota was not shackled based on his review of the entire record of Cota's trial, including his "substantial efforts to prevent the jury from inferring that Petitioner was detained pre-trial." Cota argues that the district court failed to adequately explain why it did not credit Cota's supporting declarations. We disagree. The district court explained that at least one of the declarations was squarely contradicted by the record.[4] The court did not need to separately address each declaration; the record supports the adverse credibility determinations as to all of the declarations.

2. The district court did not clearly err in finding that Cota was not shackled at his trial.[5] We will overturn a factual finding as clearly erroneous only if it is "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32

---

[4] The judge noted that Roland Cota claimed in his declaration to have been present "at the trial for the whole trial," even though he had been excluded from the courtroom as a witness prior to his testimony.

[5] Clear error review applies even where, as here, a district court made factual findings without holding an evidentiary hearing. *Crittenden v. Chappell*, 804 F.3d 998, 1006–07 (9th Cir. 2015).

F.4th 852, 857 (9th Cir. 2022). The court's efforts to deflect the jury's focus from Cota's detention and its ruling permitting Cota to stand when the jury entered and for objections provide support for the finding that Cota was not shackled; this supporting evidence is bolstered by the fact that the same judge also presided over Cota's trial. The court's factual finding and subsequent credibility determinations are thus not "without support" and therefore withstand clear error review. *Id.*

3. Cota's success on the merits of his shackling claim is foreclosed by the district court's finding that Cota was not shackled at trial. Because the district court did not clearly err in finding that Cota was not shackled, we do not reach the issue of whether procedural default applies to Cota's shackling claim.

**AFFIRMED.**